EZRA MEEKER, APPELLANT,

*v.*

A. GARDELLA, WILLIAM WAGNER AND
A. S. FARQUHARSON, APPELLEES.

The giving of a notice of appeal, and the entry of the same on the journal of the Trial Court, under the Appeal Act of 1883, has the effect of transferring the cause to this Court.

An appeal cannot be taken afterwards, under the Code of 1881, because no judgment remains in the District Court.

In case of appeal under the Act of 1883, the evidence cannot be certified in this Court by the Clerk of the District Court, under the Code of 1881.

The striking out of the evidence in a cause does not oust the jurisdiction of this Court, although it may destroy the efficiency of an appeal.

APPEAL from Third Judicial District, holding terms at Tacoma.

In this cause a notice of appeal was given, and duly entered in the journal of the lower Court, as prescribed by the Act of 1883. Afterwards the appellant served and filed a notice of appeal, conformably to the Code of 1881, and caused the evi-

dence to be certified into this Court by the Clerk of the District Court, as such clerk is required to certify written evidence under Section 451 of the Code.   Appellees entered a special appearance, and moved to strike the transcript, and to dismiss the appeal on the following grounds :

I.   No notice of the settlement of any statement of facts was ever given to the appellees, or to any of them, or to their attorneys, or any of them.

II.   No statement of facts was ever settled as required by law, or ever settled at all ; no statement of facts in said cause was ever signed by the Judge of the Court before whom said cause was tried.

The facts in said cause were never certified to by the Judge of the Court before whom said cause was tried.

III.   Because the transcript was not filed in the time prescribed by law.

IV.   Because the depositions and other papers in the cause used as evidence in the Court below have not been certified to this Court, as required by law; and because it does not appear that all the evidence used in the Court below has been certified to this Court.

*McNaught, Ferry, McNaught & Mitchell,* and *Arthur & Meeker,* for Appellant.

If there is left open to appellant by law any other way of appeal, not requiring the settlement of facts provided for in said act, he is at liberty to go that way at any time during the six months his right of appeal exists.

Even where an appeal is dismissed, another appeal may be taken, if the time for appealing has 'not expired.   And surely, where there are two ways of appealing causes, as is the case in this Territory, if one way is closed, even by the act of appellant, the other may be taken.

The giving of the oral notice did not, therefore, estop appellant from giving the written notice required by the old law. (Bigelow on Estoppel, 3d ed. 604.)

The written notice of appeal, service of which is admitted by appellees' counsel on the 22d day of May, 1885, contains a full and specific assignment of the errors complained of by appellant.

Section 451 of the Code provides that " when a cause is tried by the Court * * * the Supreme Court shall hear and determine the same, whenever it shall appear from a certificate of the Judge, agreement of parties, or their attorneys, or in case the evidence consists wholly of written testimony, from the certificate of the clerk, that the transcript contains all the evidence introduced by the parties on the trial in the Court below."

In the case of *Breemer* v. *Burgess,* cited by counsel for appellees, this Court holds that an appellant has the option of proceeding either under the Act of 1883, or under prior existing laws. It cannot, therefore, be contended that the proceedings proper on appeal under such prior laws are now illegal and unwarranted, simply because such proceedings are different from proceedings on appeal under the Act of 1883.

As defined by this Court in the case of *Coleman* v. *Lesler,* 1 Wash. Rep. 591, written testimony embraces " documentary evidence," and testimony " to which, after it has been written out, the party has assented, as that to which he makes oath ; such assent would regularly be expressed by the signature of the party."

The evidence in this case, as it is found in the transcript, consists wholly of documentary evidence, depositions taken on notice before a proper officer, and testimony taken before the referee. The evidence of each witness is reduced to writing ; it is sworn to, and subscribed by the witness himself.

All the evidence in the transcript is therefore " written testimony," within the meaning of the Code.

The language of Section 451 is so plain that it cannot be misunderstood. The words are : " The Supreme Court shall hear and determine " a case, wherein the evidence consists wholly of written testimony, whenever it shall appear from " the certificate of the clerk, that the transcript contains all the evidence introduced by the parties on trial in the Court below."

This is a sensible law, and there is no reason why it should be strained out of its plain meaning. Written testimony becomes as much a part of the records in the clerk's office as the pleadings, and he is just as competent to certify to such testimony as to certify to the rest of the transcript. There would be as good reason for requiring a settlement of the transcript of the

pleadings on notice, as for requiring the settlement of written testimony on notice.

The Legislature has said that in both instances it is sufficient for the clerk to make the certificate, no notice to the opposite party being required.

The only question, therefore, to be decided by the Court on this motion is, as to the sufficiency of the clerk's certificate.

The certificate shows all that is necessary to be shown. It shows that this Court is fully possessed of all the evidence in the case.

*Thomas Burke* and *John P. Judson,* for Appellees.

No notice was filed or served containing a description of the decision, order, or decree by which the appellant claims to have been aggrieved, and upon which he relies for a refusal or modification of the judgment.

The facts of the case were never settled nor agreed upon, neither have they been settled and certified as required by law.

A cause may be taken to the Supreme Court either under the Code, or under the provisions of the Act of 1883. A party has his option. (*Breemer* v. *Burgess,* Supreme Court, *infra.*)

Appellant having elected to proceed under the Act of 1883, he must follow the provisions of that act.

Under that act, the Judge alone who tried the cause can certify to the evidence. (Act of 1883, Sec. 3,359.)

And even the Judge could not settle the facts, unless it appeared that notice had been given to the other party within the time prescribed by law. (Sec. 3, same Act.)

The appeal having been taken under the Act of 1883, and the appellant having failed to settle the facts, and to get the evidence certified as prescribed by law, leaves this Court without jurisdiction. (*Pincus & Packscher* v. *Light,* 1 Washington Territory R., 511; *McGowan* v. *Petit,* same report, 514; *Colman* v. *Yesler,* same report, p. 591.)

But, if the evidence were properly here, there is nothing for the Court to review ; there being no bill of exceptions, and no statement, or description of any ruling, order, judgment or decision by which appellant claims he is aggrieved. The errors must be specified in the manner provided by law, or no notice

will be taken of them. (*Breemer* v. *Burgess*, Supreme Court Rule, No. 5.)

The written notice of appeal filed May 21st, 1885, in which the errors were assigned, is no part of this case.

Appellant having taken his cause to the Supreme Court under the Act of 1883, he will not be permitted to treat that appeal as a nullity, and to try another system under the Code.

Having elected which system he would pursue, he must stand or fall by the system so elected. (Bigelow on Estoppel, '2d ed. 503, 516.

Opinion by GREENE, Chief Justice.

This is a motion to strike the evidence from the files of this Court, and dismiss the appeal. From inspection of the transcript, we find that notice of appeal was regularly given and entered of record in the lower Court, conformably to the Appeal Act of 1883, and that afterwards proceedings were instituted with a view to taking and perfecting an appeal under the provisions of the Code. In course of these latter proceedings, and in regular form, this mass of evidence has been certified to this Court, by the clerk of the Court below, as written evidence.

The evidence could not, in our opinion, be so certified. If it was to be brought up at all, it should have been removed here by compliance with the provisions of the Act of 1883. After notice of appeal duly given and entered in the lower Court, there remained in that Court no cause that could be appealed under the Code.

But the inadmisability of this mass of evidence is no ground for dismissing the appeal, although the exclusion of it may render the appeal inefficacious.

Let the motion, so far forth as it calls for the striking out the evidence, be granted; but so far forth as it asks for dismissal of the appeal, be denied.

We concur: S. C. WINGARD, Associate Justice.
GEORGE TURNER, Associate Justice.