[Decided January 6, 1887.]

## GEORGE SWIFT *v.* WILLIAM STINE.

APPEAL — DISMISSAL — TRANSCRIPT. — In an equitable action in which the
decision of the District Court is based upon evidence which is not brought
up, though notice of appeal is duly given, and a transcript properly cer-
tified is filed, the case will not be reviewed by the Supreme Court, but the
decision of the District Court will be affirmed on motion. LANGFORD, J.,
dissenting.

APPEAL from the District Court holding terms at
Walla Walla.    First District.

Appellee moved to affirm the judgment and dismiss
the appeal, for the reason that no facts or evidence in
this cause have been settled or certified to by the District
Court, or the judge thereof.

*Mr. T. J. Anders,* and *Messrs. B. L. & J. L. Sharpstein,*
for the Appellee, in support of the motion.

*Mr. A. E. Isham,* and *Mr. J. H. Lasater,* for the Appel-
lant, *contra.*

Mr. Chief Justice GREENE delivered the opinion of the
court.

We are of opinion that the motion to affirm the judg-
ment of the District Court should be granted.    The cause
is equitable, and the judgment of the District Court was
based on evidence.    That evidence is not brought up
here, and the absence of it is an obstacle to the review
of the case in this court.

HOYT, J., and TURNER, J., concurred.

Mr. Justice LANGFORD dissented, as follows:—

The motion in this case is both to affirm and dismiss
the appeal.    The statute of 1883, p. 59, provides, first,
that if a certain notice is given, this in itself is an ap-
peal; it provides, second, that when this court obtains
jurisdiction of a cause, it shall try the same on its merits.

This statute is mandatory, and must be obeyed by the court. In this case the notice of appeal is sufficient, and this gives the court jurisdiction of the persons. The transcript of the record of the District Court is properly certified, and this gives the court jurisdiction of the subject-matter therein contained. It follows that this court must decide this case upon the merits of the subject-matter appearing in the transcript, and this excludes the idea of dismissal. The motion to affirm the judgment is a motion that this court shall look into the record, and if it does not appear to warrant a reversal, to affirm. This is precisely what the court would have to do in a trial on the merits. It is a trial upon the merits, and the motion is a vain thing, which can have no other effect than to confuse judicial proceedings, and give the appellee the opening and closing of the argument, which of right belongs to the appellant.

Therefore, I conclude that this cause should be tried upon the merits as they appear in the transcript. I agree with the court that the affidavits and evidence in the case are not before us; that the only way in which the evidence can come before us is by a certified statement thereof, as prescribed by statute. There being no such certified statement in this case, the subject-matter as to the sufficiency of the evidence is not within the jurisdiction of this court. To dismiss this part of the case, or disregard it, is, I think, right; but this part being dismissed, that part of the case which consists of the pleadings, motions, and journal entries is before us, and ought to be tried upon its merits. In this motion I deem we ought not to look further into the record than to find whether the notice of appeal is sufficient, and whether the transcript is properly certified. We have done this, and find them both sufficient; and as to whether error appears from this transcript is a question upon which the court ought not to form or express an opinion until after argument on the merits.