3 w 243
3   48
3  415

[Decided January 8, 1887.]

## J. GARDNER KENYON *v.* ROBERT KNIPE ET AL.

1. APPEAL — STATEMENT OF FACTS — APPEAL ACT OF 1883. — In equitable actions appealed under the appeal act of 1883, the judgment will be affirmed on motion when the record does not contain the statement of facts required by said act.

2. SAME — NOTICE — JUDGE — POWERS OF. — When no statement of facts has been settled within thirty days as required by statute, the judge has no power thereafter without consent to extend the time for giving new notice of such settlement.

APPEAL from the District Court holding terms at Seattle. Third, District.

Judgment in this cause was rendered January 21, 1886. On January 28th service was made of a notice to settle a statement of facts on the tenth day of February, but was not accompanied by a tender of the prepared statement as required by rule 38 of the District Court, nor was any statement presented for settlement at the time designated in the notice, nor at any time within

thirty days, nor did the appellant take any steps within that period to settle the statement or to secure an extension of time for that purpose. After the expiration of the thirty days a second notice was served, and at the time specified in the notice the judge certified the statement against the objection of the appellee, who appeared specially for that purpose. Appellant moved to strike the statement from the record and to affirm the judgment.

*Mr. C. H. Hanford,* and *Messrs. Burke & Haller,* for the Appellee, and for the motion.

Counsel cited in support of the motion *Collins* v. *City of Seattle,* 2 Wash. 354.

*Mr. J. Gardner Kenyon,* appearing in person, *contra.*

Mr. Justice HOYT delivered the opinion of the court.

Appellee herein moves the court to strike the statement of facts from the record and affirm the judgment of the court below. As this is a cause in equity, it follows, from opinions already filed at this term, that in the opinion of a majority of the court the motion to affirm must be granted, if the facts are stricken, and we need therefore only consider the latter question. Notice to settle the facts was given within thirty days, but under such notice nothing was done, and therefore such notice was of no avail. After the expiration of the thirty days fixed by statute, the court made an order extending the time in which to serve new notice and settle the facts, and under a notice given thereafter the statement was settled, if at all. We are all of the opinion that the District Court had no power to thus extend the time, and that the giving of the notice was not aided by such extension. The notice then being of no effect, and there having been no appearance by the appellee excepting for the purpose of objecting to the court doing any-

thing, the judge had no jurisdiction to settle the statement.

It follows that it must be stricken, and the motion to affirm granted.

TURNER, J.— I concur.

LANGFORD, J.—I agree that the case as it now stands should be affirmed, not on motion, but on trial on the merits.