[Decided February 1, 1888.]

## GEORGE SWIFT *v.* WILLIAM STINE.

1. APPEAL ACT OF 1883—STATEMENT.—In appealing from a judgment in any
   action taken under the appeal act of 1883, the appellant may or may not,
   at his option, have the statement of facts provided for by section 3 of
   said act made and settled, and the failure to bring the appeal, without
   such statement, to the Supreme Court, will not be ground for dismissal,
   but the cause will be heard on its merits so far, and only so far, as the
   record sent up discloses them. (*Swift* v. *Stine, ante,* p. 18, overruled.)
2. COSTS—BOND FOR SECURITY OF—NON-RESIDENT—STAY OF PROCEEDINGS—
   WAIVER.—Under section 527 of the Code the defendant may require secu-
   rity for costs of a non-resident plaintiff, but this right must be exercised
   promptly and before answer, or after answer if fact of non-residence
   remains unknown to defendant, and application is made within a reason-
   able time after knowledge of such fact. A failure to make such applica-
   tion reasonably, as above indicated, operates as a waiver of the right.
   TURNER, J., dissenting.

APPEAL from the District Court holding terms at Walla
Walla. First District.

All the material facts are stated in the opinion of the
court.

*Mr. A. E. Isham,* and *Mr. J. H. Lasater,* for the Plaintiff
in Error.

Defendant's motion to require plaintiff to furnish security for costs, under section 527 of the Code, was a dilatory motion, and that defendant, by settling the pleadings, consenting to the appointment of a referee, and having taken most of the evidence in the case, waived his right to make the motion. And further, it appeared that plaintiff had returned to make his residence in the county after the commencement of the suit. (*Muldon et al.* v. *Place et al.*, 6 W. C. Rep. 136; *Trustees* v. *Walters*, 12 Ill. 154.)

*Mr. T. J. Anders*, and *Messrs. B. L. & J. L. Sharpstein*, for Defendant.

The order for security for costs was properly made. (Code, sec. 527; *Burgess* v. *Gregory et al.*, 1 Edward's Ch. 449; *Micklethwaite* v. *Rhodes*, 4 Sanford's Ch. 434; *Ambler* v. *Amblier*, 8 Abb. Pr. 340; *Scull et al.* v. *Assignees of Carhart*, 15 N. J. L. 430; *Ranney* v. *Stringer*, 4 Bosw. 663; *Gedney, Admr.*, v. *Purdy, Ex.*, 47 N. Y. 676; *Cox* v. *Hunt*, 1 Blackf. 146; *Shaw* v. *Wallace*, 2 Dall. 179; *Shaw* v. *Wallis*, 1 Yeates Pa. 176.) The action of the District Court, in requiring plaintiff to give security or show cause why he should not be required to do so, and the dismissal of the action upon his failure to comply with the order, was all regular and proper. (Sec. 286, Code; *Champlin* v. *Petrie*, 4 Wend. 209; *Glover* v. *Cuming*, 12 Wend. 295; *Hinds* v. *Woodbury*, 29 How. Pr. 379; *Cadwell* v. *Manning*, 24 How. Pr. 38.)

Mr. Chief Justice JONES delivered the opinion of the court.

This appeal was before this court and determined at the January term, 1886 (3 Wash. 18), upon motion to affirm, for the reason that no evidence had been settled or certified by the District Court.

This court, at the time, granted the motion, upon the ground that " the cause was equitable, and the judgment of the District Court was based on evidence," and that the evidence was not brought here. A rehearing being granted, the motion and the appeal are here argued together. It

is settled, that on an appeal taken under the act of 1883, relating to the removal of causes to this court, under its provisions the "statement" provided for by section 3 is permissive, and need not be made and settled except at the option of the party; and if brought here without such statement, it is not ground for dismissal, but the cause must be heard on its merits so far (and, of course, only so far) as the record sent up discloses them.

The transcript here discloses the fact that the complaint was filed March 24, 1885, the summons issued the same day, and served March 25, 1885, on which day also a motion was made by defendant to strike out certain portions of the complaint, and other proceedings were had thereafter; and on May 25th an answer was filed to the complaint of plaintiff.

There were two complaints in intervention filed before this date, and answers filed at the same time as to the complaint of plaintiff. On the next day replies were served.

On May 29, 1885, the cause was sent to a referee for trial.

On September 21, 1885, defendant Stine, upon his own affidavit of the non-residence of plaintiff, moved that plaintiff be required to give security for costs, to which motion plaintiff appeared and filed a written "answer," as it is termed, stating, among other things, that the issue had been made up, the cause referred, and plaintiff and defendant had introduced testimony, and plaintiff had commenced putting in his evidence in rebuttal; and the cause still remained pending before the referee at the time this motion was set for hearing.

On September 26th the court made an order requiring plaintiff to file security for costs, and staying proceedings until it was filed or $200 deposited in lieu thereof; to which order plaintiff excepted. This order not being complied with, the court, on November 16, 1885, dismissed the cause, and judgment was made against plaintiff for costs, amounting to $256.80. The judgment recites the "answer" aforesaid made by plaintiff to the motion for security for costs. The appeal is taken from this judgment. The

record does not disclose any other facts material here, and closes with the usual clerk's certificate.

It is urged in support of this judgment that there being no statement of facts settled and certified under the third section of the act of 1883 referred to, and as the judgment must have proceeded upon evidence and that is not returned here, this court must presume there was evidence to justify the judgment as made.

The rule is not disputed that every intendment must be made in favor of a judgment where the precise facts are wanting, but here there is and can be no dispute that the cause was at issue, and had been referred long before defendant made his motion, and costs had been made in a large sum.

It is true, also, that the Code provides that such a plaintiff must give security for costs, "when required to do so by defendant;" and it is claimed that "when" means *at any time* "when required by defendant."

If this claim be true, then a defendant may wait until a jury has been called and sworn, and then "require" secu_ rity for costs, and obtain a stay of proceedings. It would seem, indeed, that he might interpose his request at any other stage of the trial.

We cannot agree to this construction of the statute.

The defendant may require security for costs of a non-resident, but he must exercise his right in time and before answer, or at least with diligence. He cannot delay until, from the developments of the trial, he seriously apprehends defeat, and then assert it. His application then becomes dilatory and cannot be favored. He must be held, under such circumstances, to have waived it.

It is true that in a case where the fact came to his knowledge after answer to the merits, it would excuse his neglect, and his right would remain unimpaired; but as such showing was made here, and the application on which the judgment was granted being certified to this court and recited in the judgment, we cannot presume it was made on other ground.

Upon the merits here disclosed, we cannot give our assent to the judgment made or the order preceding it, requiring security for costs; and it is directed that said judgment and order be vacated and the cause be remanded for further proceedings.

ALLYN, J., concurred in the result.

TURNER, J., dissented.

LANGFORD, J., did not hear the case, nor participate in its decision.