[No. 240. Decided January 4, 1892.]

JOHN H. STENGER AND JAMES P. DE MATTOS, *Appellants*, v. HENRY ROEDER, CITY OF WHATCOM, AND SAMUEL BELFORD, *Respondents*.

APPEALS—EQUITY CASES—TESTIMONY NOT IN RECORD.

The supreme court will not review the judgment of the court below in an equity case, where the record is made up of the pleadings and findings of the trial court, without the testimony submitted therein.

*Appeal from Superior Court, Whatcom County.*

*Bruce & Brown*, and *J. P. De Mattos*, for appellants.
*Fairchild & Rawson*, for respondents.

The opinion of the court was delivered by

STILES, J.—This was an action to enjoin the execution of a deed of real estate, alleged to have been sold by the marshal of the city of Whatcom, for non-payment of certain

taxes, and to set aside the certificates given by the marshal showing the aforesaid sale. Upon the final hearing, the relief prayed for was granted by the court below, and the case has been brought here upon the pleadings and findings of the superior court, without the testimony.

Under the ruling in *Enos v. Wilcox, ante,* p. 44, this court cannot review the case under these circumstances, and the judgment is therefore affirmed.

ANDERS, C. J., and HOYT, SCOTT and Dunbar, JJ., concur.

#### ON PETITION FOR RE-HEARING.

STILES, J.—Appellants make so vigorous an argument against the decision in this case, that we feel constrained to discuss some of its more strongly asserted points.

Before the codes, there were two universally recognized methods of reviewing causes: (1) By writ of error, in actions at law and criminal cases. (2) By appeal, in equitable actions. Both methods were purely creatures of the statute, and the almost universally adopted system of trial on appeal was that of the trial *de novo,* upon the entire record and testimony, precisely as it was presented in the trial court. U. S. Digest, Tit. "Appeal," p. 284. Bills of exceptions were not known in appeals, and had no place there; not even to preserve the testimony were they necessary, since it was all committed to writing and filed, so as to require nothing but certification. *Ferris v. McClure,* 40 Ill. 99; *Smith v. Newland,* 40 Ill. 100.

The adoption of the codes scarcely made an impression upon equity causes, so far as their trial in the lower or the appellate courts was concerned. But such of the testimony as came to be heard orally in the trial court was preserved for the appeal by a statement, or a case, and transmitted, with that which was in writing, under the certificate of the lower court that it contained all the testimony. Thompson on Trials, § 2772. The hearing in the appellate court was

still on trial *de novo.* Some of the states have probably provided by their statutes that findings of fact made by the trial court may take the place of the testimony in cases where the parties are satisfied with that course, while others may, in the same manner, permit hearings on appeal upon the record alone. But in this matter it is of little profit to go beyond our own statutes, since they alone permit and regulate the review of causes removed for that purpose from the superior courts. Powell's Appellate Proceedings, ch. 9.

Under our territorial system, § 1869 of the organic act clearly preserved the distinction between actions at law and equitable actions on review, by prescribing that "writs of error, bills of exception, and appeals" should be allowed from the final decisions of the district courts. These terms were used advisedly in the act of congress, in view of the system prevailing in the courts of the United States, where they are generically distinct and perfectly understood. The territorial statutes were always in harmony with the organic act in this particular, with the exception, perhaps, of the act of 1886 (Laws 1885-6, p. 70), which, in amending chapter 19 of the Code of 1881, attempted to make bills of exceptions applicable to causes in equity and admiralty, which could not, in the nature of things, well be done.

In those times, therefore, the supreme court of the territory had no power to review any equity case except by trial *de novo,* to do which it must have the testimony before it, if there had been a trial of issues of fact in the district court. And that court so held in every instance, where the question was presented to it, with the two exceptions of *Seattle, etc., R. R. Co. v. Ah Kow,* 2 Wash. T. 36 (3 Pac. Rep. 188), and *Swift v. Stine,* 3 Wash. T. 518 (19 Pac. Rep. 63). In the former case the reasoning of the learned judge is perhaps good as an argument why the law should be as he held it to be, but it does not convince us that it was as there laid

down *obiter*. We say *obiter*, because the motion was to dismiss for want of proper certification of the evidence. The court said that, where there was no objection that the complaint did not sustain the judgment, it was unnecessary to bring up the evidence. But while the court thus decided to retain the cause, we find it almost entirely ignoring the complaint, treating the evidence as properly in, trying the cause *de novo*, reversing the judgment as to all but three of the plaintiffs for want of evidence, and rendering a new judgment with attorneys' fees for the excepted three ; thus showing that the motion was not well taken because the evidence was properly certified, and that all the discussion about holding the case on the pleadings and judgment was *dictum*.

The same learned judge, who wrote the decision in *Seatt'e, etc., R R Co. v. Ah Kow*, wrote those in *Coleman v. Yesler*, 1 Wash. T. 591; *Pincus v. Light*, 1 Wash. T. 511 ; *Meeker v. Gardella*, 2 Wash. T. 355 (7 Pac. Rep. 889); *Parker v. Denney*, 2 Wash. T. 176 (2 Pac. Rep. 351); *Swift v. Stine*, 3 Wash. T. 18 (13 Pac. Rep. 904); and *Caton v. Switzler*, 3 Wash. T. 242 (13 Pac. Rep. 712); he concurred in *McGowan v. Petit*, 1 Wash. T. 514; *Mulkey v. McGrew*, 2 Wash. T. 259 (5 Pac. Rep. 842); and he wrote a dissenting opinion in *Nickels v. Griffin*, 1 Wash. T. 374, holding that in an admiralty case additional proofs should be admitted on appeal, the court, however, there deciding that only the proofs admitted below should be examined. *Kenyon v. Knipe*, 3 Wash. T. 243 (13 Pac. Rep. 759), was the last territorial case where this matter was discussed, and where the statement being struck from the record the judgment was affirmed. *Sw ft v. Stine*, 3 Wash. T. 518 (19 Pac. Rep. 63), came later, and on re-hearing, by the vote of two new justices, reversed *Swift v. Stine*, 3 Wash. T. 18 (13 Pac. Rep. 904), without any discussion,

and we think without good grounds therefor. All of the cases enumerated, with the exceptions named, either held directly, or assumed it to be the law, that the supreme court must have the evidence before it or there could be no review, in an equity case, and we have in *Enos v. Wilcox, ante,* p. 44, and *Cadwell v. First National Bank, ante,* p. 188, yielded our adherence to that view of the proper rule.

No change was made in this matter by the constitution, except to transfer to the legislature of the state the power to regulate the method of reviewing causes, civil and criminal, where before the authority had been exercised by congress to the extent of prescribing writs of error and appeals in accordance with the federal system. The statutes remain the same, except as they have been modified by the act of 1890 and 1891. Under the act of 1890, and now (Laws 1889–90, p. 335, § 5, and Laws 1891, p. 347, § 22), in an equity case on appeal to this court, in order that it may be of any avail, where there was judgment below on the merits, there must be a statement settled by the judge containing all the testimony on which the case was tried below. Bills of exceptions are by both acts expressly limited to actions at law and special proceedings ; the act of 1886, amending chapter 19, was expressly repealed by the act of 1890, and chapter 19 impliedly revived. *Emigh v. State Ins. Co., ante,* p. 122. And this court is required, by the last named act, to follow the provisions of the code relating to procedure and practice upon appeals and writs of error, so far as applicable.

In the case under consideration, an injunction was the remedy sought. The cause was tried by the superior court upon testimony oral and written, which is not here, nor was there any attempt made to get it here as there was in *Enos v. Wilcox.* The court made certain findings of fact,

and declared its conclusions of law therefrom, and these, with the pleadings and judgment, constitute the record. Appellants claim that these findings are a bill of exceptions under the act of 1886, forgetting that that act was repealed before this case was tried even; and unmindful that a bill of exceptions has no place in an equity appeal. But, however that may be, appellants insist that these findings are the facts of the case upon which we can try it *de novo* and render a new judgment for them, as they say we must do upon the law as it ought to be declared. Let us see. Referring to the briefs in the case, we find that every ground of complaint made by appellants is directed to the insufficiency of these findings of fact. Certain material matters in the complaint are alleged not to have been found upon at all; others are said to be disposed of by what are characterized as mere conclusions, while the bulk are included in the finding that all the material matters of the complaint are true, and those of the answer and cross bill are not true, the inconsistency of which is pointed out by referring to the fact that the answer admits a large part of the allegations of the complaint to be true, whereas, the reply admits the truth of some of the matters contained in the affirmative defense. Could there be a better example of the necessity that the testimony should accompany this appeal? How else could we try this case *de novo*? Suppose the findings do not cover all the matters alleged in the complaint; or suppose, even, that the complaint itself is defective in some material allegations; but suppose the evidence fully supplied every defect in either. Would it not be the duty of this court, under every principle of equity practice, to make findings of its own in accordance with the facts proven, and render judgment accordingly, and, if necessary, treat the pleadings as amended? Most assuredly. But none of these things can it do unless it is placed in the same position with regard to the evidence as the superior

court. This it seems to us must end the matter while the statutes remain as we find them.

The petition is therefore denied.

ANDERS, C. J., and DUNBAR, HOYT and SCOTT, JJ., concur.