[No. 409. Decided February 18, 1892.]

WHEELER, OSGOOD & Co. et al., Respondents, v. PETER J. LAGER AND NATIONAL BUILDING, LOAN AND PROTECTIVE UNION, Appellants.

#### APPEAL—RECORD—DISMISSAL—ATTORNEYS' FEES.

Where the transcript in a cause of equitable cognizance does not contain a statement of facts showing all the testimony on which the case was tried below, the appeal will be dismissed.

Where an appeal is dismissed because the record is not before the court, the party moving the dismissal cannot consistently ask

for attorneys' fees in addition to the amount allowed in the lower court, on the ground that the record shows the allowance to be inadequate.

*Appeal from Superior Court, Pierce County.*

Motion by respondents to dismiss the appeal.

*E. R. York,* for National Bldg., etc., Union, appellant.

*A. A. Knight, Easterday & Britton, Snell &. Bedford, Griggs & Lockwood, Parker & Williamson, E. T. Dunning,* and *J. S. Whitehouse,* for respondents.

The opinion of the court was delivered by

DUNBAR, J.—This was an action for the foreclosure of mechanics' liens. The respondents appeared specially, and moved to dismiss the appeal herein for the reason that the transcript does not contain a statement of facts showing all the testimony on which the case was tried below, and that no such statement of facts had been settled or filed. The respondents also ask for attorneys' fees in addition to the amount allowed by the lower court. It appearing that the transcript does not contain a statement of facts, and that the evidence upon which the judgment was based was not before this court, on the authority of *Enos v. Wilcox, ante,* p. 44, *Cadwell v. First National Bank, ante,* p. 188, and *Stenger v. Rooeder, ante,* p. 412, the appeal must be dismissed.

The contention of respondents, that the record shows that the attorneys' fee allowed by the lower court is inadequate, is inconsistent with the motion to strike the bill of exceptions and dismiss the appeal. If the record is not sufficient to show all the facts in the case, it is not sufficient to show any facts. That is the theory upon which the appeal is dismissed in an equity case. This appeal is dismissed because the record is not before the court; and it

cannot, therefore, take notice of it for any purpose. The judgment below will not be disturbed.

ANDERS, C. J., and SCOTT, HOYT and STILES, JJ., concur.