[No. 872.　Decided March 28, 1893.]

N. J. BARTLETT, *Respondent*, v. W. C. REICHENECKER *et al.*, *Respondents*, AND ERNEST ADLER *et al.*, *Intervenors and Appellants.*

APPEAL — DISMISSAL — SETTLEMENT OF STATEMENT BEFORE JUDG-
MENT.

Where the transcript on appeal in an equity cause shows that the statement of facts was settled before the rendition of judgment, a motion to strike the statement will be granted, on the ground that there is no affirmative showing that all the facts necessary to the complete determination of the cause are before the supreme court.

*Appeal from Superior Court, King County.*

*Finch, Snook & Finch,* for appellants.

*Fishback & Hardin, Hughes, Hastings & Stedman,* and *Emmons & Emmons,* for respondents.

The opinion of the court was delivered by

DUNBAR, C. J.— Respondent moves to strike the statement of facts embraced in the transcript in this case, for the reason that it appears from the transcript that the judgment in said cause was not rendered until after the said pretended statement of facts was settled, and that therefore the certificate of the judge that said statement contains all the material facts in the said cause is incorrect and insufficient.

The transcript shows that the statement of facts was settled in this cause on the 7th day of April, 1892, and that the judgment was rendered on the 17th day of June, 1892. It therefore appears that the statement of facts was settled and certified by the judge before the rendering of the judgment in the cause.

We have universally held that inasmuch as an equity cause is tried *de novo* in this court, it has no jurisdiction to try the cause without all the facts that were before the trial court being before this court, and the statement of facts having been settled and certified before the rendering of the judgment, there is no affirmative showing that all the facts which were necessary to the complete determination of the cause are before this court.

The motion will therefore be sustained.

HOYT, SCOTT and STILES, JJ., concur.

ANDERS, J., not sitting.