[No. 4457.    Decided March 3, 1905.]

MARY C. CAUGHEY et al., Appellants, v. GEORGE E. RIEN et al., Respondents.[1]

APPEAL AND ERROR—RECORD—STATEMENT OF FACTS—CERTIFICATE —OBJECTIONS TO EVIDENCE IN CASE TRIABLE DE NOVO. As a statement of facts in an equity case must bring up all the evidence in order to review the same *de novo*, a statement is insufficient where it appears from the certificate that it does not contain the objections to questions propounded to witnesses upon the taking of depositions, nor the rulings of the trial court thereon, since it does not appear upon what competent evidence the case was submitted.

Appeal from a judgment of the superior court for Spokane county, Belt, J., entered March 10, 1902, upon findings in favor of the defendants, after a trial on the merits before the court without a jury, dismissing an action for partition. Affirmed.

*Barnes & Latimer,* for appellants.

*Danson & Huneke* and *Nash & Nash,* for respondents.

PER CURIAM.—In this case respondents have interposed a motion to strike the statement of facts, and to affirm

[1] Reported in 79 Pac. 925.

the judgment of the lower court, on the ground that the
said statement is not certified as by law required, and does ·
not enable this court to ascertain what evidence is proper
to be considered on this appeal. From the record it ap-
pears that the appellants filed and served a proposed state-
ment of facts in due time, and that, upon objections being
made thereto, the trial judge refused to settle and certify .
the same as proposed. Thereupon, appellants, by permis-
sion of the court, submitted amendments to said proposed
statement. To this, respondents objected, and moved to
strike the statement, which motion appears to have been
granted; but, finally, the trial judge signed a certificate,
wherein he certifies that the statement of facts, as it comes
here, "contains all the materials, facts, matters and pro-
ceedings heretofore occurring in said cause, and not al-
ready a part of the record therein, *except the objections
made by the defendants to the interrogatories contained in
the depositions hereto annexed, and the rulings of the court
in passing upon said objections, and in passing upon the
objections made to said interrogatories at the time they
were propounded to the witnesses during the taking of said
depositions.*"

It will thus be observed that the character of this cer-
tificate makes it impossible for this court to ascertain how
much of the depositions in question can properly be con-
sidered on this appeal. This being an equity case where
the findings are excepted to, it is necessary for all of the
evidence to be here in order that the case may be tried
*de novo;* and we are authorized to thus try the case only
upon the competent evidence before us. From this record
we cannot tell how many of the questions in the depositions
were objected to. Where an objectionable question is
answered without any objection being interposed, it is,
ordinarily, the rule that the objection which might have
been urged is thereby waived, and the answer to such

question becomes competent evidence, which must be considered by the court.    On the other hand, where an objectionable question is propounded and the opposing party interposes a timely and proper objection, the answer given to such a question, although reduced to writing and returned by the person taking the deposition, does not become competent evidence, and cannot be considered by the court, unless such objection be withdrawn or waived on the trial.    Hence, the absolute necessity of knowing what objections were made, upon the trial, to the questions that had been submitted to witnesses, when their depositions were taken prior to the trial, becomes perfectly plain.

The record and statement of facts show that much testimony of numerous witnesses was taken upon depositions, wherein interrogatories were propounded, and the answers received and returned, regardless of objections at the time interposed by defendants.    As the record does not disclose what was done with these objections at the time of trial, and does not reveal what other objections were made, or what disposition was made of them, we are unable to segregate the competent from the incompetent evidence—we are unable to ascertain what evidence in this record we are authorized by law to examine.    This being true, it is, of course, apparent that we are in no position to determine whether or not the findings and conclusions of the trial court were erroneous, inasmuch as we have no legal basis on which to determine what were the established facts. This court has repeatedly held that it cannot review an equity case, where exceptions are taken to the findings, without having before it all of the evidence upon which the case was tried in the lower court.    *Stenger v. Roeder,* 3 Wash. 412, 28 Pac. 748, 29 Pac. 211; *Wheeler v Lager,* 3 Wash. 732, 29 Pac. 453; *Cadwell v. First Nat. Bank,* 3 Wash. 188, 28 Pac. 365; *Bartlett v. Reichenecker,* 6

Wash. 168, 32 Pac. 1062; *Demaris v. Barker,* 33 Wash. 200, 74 Pac. 362.

The motion to strike the statement of facts must prevail; and, as no attack is made upon the sufficiency of the answers, the judgment and decree of the lower court must be affirmed, and it is so ordered.