COURT OF APPEALS DIV I
2013 SEP 23 AM 8: 39



# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| VAHIT SAYLIK, | ) No. 67951-1-I |
| | ) |
| Appellant, | ) DIVISION ONE |
| | ) |
| v. | ) UNPUBLISHED OPINION |
| | ) |
| DAVID D. WALKER and JANE DOE WALKER, | ) |
| husband and wife, | ) |
| | ) |
| Respondents. | ) FILED: September 23, 2013 |
| | ) |

APPELWICK, J. — Saylik, a resident of Turkey, sued Walker for injuries sustained in a bicycle accident. Following mandatory arbitration, Saylik requested a trial de novo. When he failed to post a nonresident plaintiff security bond under RCW 4.84.210, the trial court dismissed the action. Saylik contends that Walker waived his right to the security bond and that the trial court erred in awarding attorney fees. We disagree and affirm.

FACTS

Following a 2006 bicycle-automobile collision in Mukilteo, Vahit Saylik filed this personal injury action against David Walker. The complaint alleged that Saylik was a resident of Snohomish County. Saylik's discovery responses indicated that he lived in Bothell.

In October 2009, Saylik's counsel requested a trial continuance until at least February 2010 because Saylik was out of the country. Counsel explained that Saylik

an extended medical leave. Counsel indicated that Saylik's return date was uncertain.

In January 2010, Walker sought to compel Saylik's presence for a deposition. The trial court ordered that both parties' depositions would be conducted via webcam over the internet. Saylik participated in his deposition from Turkey.

In August 2010, the case proceeded to mandatory arbitration. The arbitrator awarded Saylik damages totaling $1,651. Saylik timely requested a trial de novo.

On October 20, 2011, Saylik's counsel informed opposing counsel that Saylik would not be present for trial and that he intended to submit Saylik's deposition in lieu of live testimony. Counsel rejected Walker's proposal that Saylik testify telephonically.

On October 21, 2011, Walker served Saylik with a CR 43 notice to attend trial. Walker also filed motions asking the trial court to require that the parties' trial testimony be presented in person or telephonically and to require Saylik to post a bond under RCW 4.84.210 as security for an attorney fee award should he fail to improve his position at trial.

In response, Saylik moved for a protective order, asking the court to strike the CR 43 notice of trial attendance, find Saylik unavailable, admit his deposition in lieu of in-court testimony, and impose sanctions for Walker's alleged abuse of process and frivolous motions.

-2-

On November 8, 2011, the trial court denied Saylik's motion for a protective order, ruling that Saylik must testify at trial in person, telephonically, or via webcam. The court granted Walker's motion for a bond, setting the amount at $5,000 and ordering that the case would be dismissed unless Saylik posted the bond within 90 days.

When Saylik failed to post the bond within 90 days, the court dismissed the action and awarded Walker attorney fees and costs as the prevailing party.

## DISCUSSION

### I. Requirement to Post Bond

Saylik contends that the trial court erred when it ordered him to post a pretrial security bond for attorney fees under RCW 4.84.210. He argues that, because the request for the bond was untimely, Walker waived any right to security. We review the trial court's decision to order security under RCW 4.84.210 de novo as a question of statutory interpretation. White Coral Corp. v. Geyser Giant Clam Farms, LLC, 145 Wn. App. 862, 866, 189 P.3d 205 (2008).

On November 1, 2011, 7 days before the scheduled trial, Walker filed a motion for a bond under RCW 4.84.210, which authorizes the trial court to order a nonresident plaintiff to provide "security for the costs and charges which may be awarded against such plaintiff." See White Coral Corp., 145 Wn. App. at 867. When security is ordered, proceedings are stayed pending execution of the bond. RCW

4.84.210. If the plaintiff fails to post the bond within 90 days, the trial court may dismiss the action. RCW 4.84.230. In support of the motion, Walker noted that Saylik continued to reside in Turkey and that he was subject to the payment of attorney fees and costs should he fail to improve his position following the trial de novo. See RCW 7.06.060(1).

On appeal, Saylik contends that Walker had known for at least two years that he was a resident of Turkey and that the request for security was therefore untimely. As he did in the trial court, Saylik relies on Swift v. Stine, 3 Wash. Terr. 518, 19 P. 63 (1888), for this proposition, but provides no legal argument supporting application of Swift to the facts of this case. Saylik presumably relies on the following passage from Swift, in which the court considered the territorial code predecessor to RCW 4.84.210:

> The defendant may require security for costs of a nonresident, but he must exercise his right in time and before answer, or at least with diligence. He cannot delay until, from the developments of the trial, he seriously apprehends defeat, and then assert it. His application then becomes dilatory and cannot be favored. He must be held, under such circumstances, to have waived it.

Swift, 3 Wash. Terr. at 521.

In Swift, the defendant moved for security after the case had gone to trial and the plaintiff had commenced presenting rebuttal evidence. Id. at 520. In concluding that the defendant's motion was untimely, the Supreme Court noted that a defendant should not be permitted to "wait until a jury has been called and sworn, and then

'require' security for costs, and obtain a stay of proceedings." Id. at 521. Viewed in context, Swift provides no support for Saylik's claim of waiver.

Unlike Swift, trial here had not yet commenced, and Saylik does not allege that he was prejudiced in any manner by the timing of the motion for a bond. Saylik had no intention of testifying at trial, either in person or by telephone, and the trial court denied his motion to admit his deposition testimony. Moreover, although it was clear that Saylik had been residing for some time in Turkey, the status of his permanent residence or possible return remained unclear. Finally, RCW 4.84.210 does not impose a specific deadline on the trial court for imposing security. Under the circumstances, Walker's request for security was not dilatory, and the trial court did not err in requiring Saylik to post a bond under RCW 4.84.210.

Saylik also contends that Walker's service of the motion for security was untimely under CR 6(d). But, "CR 6(d) is not jurisdictional, and . . . reversal for failure to comply requires a showing of prejudice." Brown v. Safeway Stores, Inc., 94 Wn.2d 359, 364, 617 P.2d 704 (1980). Saylik does not allege—much less demonstrate— any prejudice. Consequently, even if service was untimely, Saylik is not entitled to relief.

Because the trial court did not err in dismissing the action for Saylik's failure to post the security bond, we need not address Saylik's contention that the court erred in refusing to admit his discovery deposition at trial under CR 32(a)(3). We note,

however, that in light of Walker's timely CR 43 notice to attend trial, Saylik's failure to appear, either in person or telephonically, would have provided the trial court with an independent basis to dismiss the action. See CR 43(f)(3) (if party refuses to attend and testify at the trial after timely CR 43 notice, "the complaint, answer, or reply of the party may be stricken and judgment taken against the party").

## II. Attorney Fees and Sanctions

Saylik's claim that the trial court erred in refusing to impose sanctions against Walker and his attorney for abuse of process and frivolous filings is also without merit. The mere fact that Walker vigorously opposed Saylik's attempts to rely solely on his deposition at trial does not constitute bad faith or support the imposition of sanctions. Saylik's conclusory allegations do not merit further consideration. See Saunders v. Lloyd's of London, 113 Wn.2d 330, 345, 779 P.2d 249 (1989) (appellate court will decline to consider issues unsupported by cogent legal argument and citation to relevant authority).

Finally, Saylik contends that the trial court erred in awarding Walker costs and attorney fees of $8,755. Saylik does not dispute that he failed to improve his position after requesting a trial de novo and that Walker was therefore entitled to an award of costs and attorney fees. RCW 7.06.060(1); MAR 7.3. Rather, he appears to allege that the amount of the award was excessive. But, the trial court supported the award with findings addressing the reasonableness of the hours spent on the case,

counsel's hourly rate, and the sufficiency of the documentation. See <u>Mahler v. Szucs</u>, 135 Wn.2d 398, 434-35, 957 P.2d 632, 966 P.2d 305 (1998). Those findings amply support the award. Because Saylik has not challenged or even addressed the trial court's findings on appeal, he has not demonstrated any error in the fee award.

### III. Attorney Fees on Appeal

As the prevailing party, Walker is entitled to recover attorney fees and costs on appeal. MAR 7.3; RCW 7.06.060; <u>Tribble v. Allstate Prop. & Cas. Ins. Co.</u>, 134 Wn. App. 163, 174, 139 P.3d 373 (2006). We therefore grant Walker's request and award attorney fees and costs on appeal, subject to compliance with RAP 18.1(d).

Affirmed.

_____, J.

WE CONCUR:

_____, J.        _____, J.