L. M. WALKER, Appellant, v. P. L. WALKER.

**Amending Judgment on Appeal:** CONSTRUCTION. Where it is uncertain whether a judgment for defendant disposed of and included a certain item pleaded by way of set-off, but it is inferable therefrom that it did not, and the judgment is excessive if it is not included, but as near as may be just if it is included, the judgment will be amended on appeal so as to be a bar to further recovery for such item.

ON RE-HEARING.—THURSDAY, DECEMBER 10, 1896.

**Contracts:** CONSTRUCTION. A son, who, under agreement with his father, goes into possession of his father's farm and personal property, and boards his father and mother, whose labor pay for their board, but pays no rent, is, on surrendering the farm, liable to account for the value of such personal property, and is entitled to compensation for permanent improvements made on the farm.

*Appeal from Cedar District Court.*—HON. J. D. GIFFIN, Judge.

WEDNESDAY, MAY 22, 1895.

THE plaintiff is father to the defendant. Plaintiff owns, and has owned since prior to 1881, a farm, consisting of one hundred and sixty acres of land, on which he owned stock and farming implements. Plaintiff represents, that in 1881, he entered into an agreement with defendant, whereby he (defendant) was to live in the home on the farm with plaintiff and his wife, and work the farm, and that the entire proceeds of the farm were to be divided between them; that defendant took possession of the farm in pursuance of the agreement, and worked it till the commencement of this suit, in February, 1892; that defendant has wholly neglected to account to plaintiff for one-half of the proceeds of the farm, and has converted the same to his own use; that the value of the proceeds

from the farm for each of those years is not less than one thousand dollars, to one-half of which he is entitled. He further represents, that the stock on the place when defendant took possession, has been sold and used by the defendant, and that he is entitled, from the stock now on the place, to an amount equal in value to that on the place when defendant took possession. Plaintiff asks that defendant, by his answer, be required to state the amount he has received from the farm from year to year; that it be adjudged that plaintiff is the owner of the stock now on the farm to the amount of that taken by defendant, or the value thereof; that he be adjudged to be the owner of one-half of the stock in excess of that amount; and asks for general equitable relief. A receiver was appointed at the instance of plaintiff, who holds the property or its proceeds subject to the further orders of the court. The defendant admits having possession of the farm, but denies that it was in pursuance of an agreement to work the farm and divide the proceeds; and he says that the agreement was that he should have the use of the same without charge, except that he should keep and furnish a house for plaintiff and his wife, and should keep said place in repair and pay the taxes thereon, and with the further agreement that plaintiff would secure to defendant the title to said land, and make him secure in the improvements he should make thereon. Defendant then makes a showing that he expended for the support of plaintiff and wife, in board, clothes, and washing, the sum of three thousand two hundred and thirty-three dollars; for medicine, medical attendance, and personal services of defendant and wife in sickness, six hundred dollars; for hired help on the farm, seven thousand and ninety-four dollars; for defendant's personal services on the farm, four thousand three hundred and twenty dollars;

for money furnished to plaintiff, four hundred dollars; and for the crops from forty acres of land owned by defendant, which were used to feed stock on the farm, one hundred and forty dollars per year. Another suit between these parties has been, and is likely yet, pending, involving the title to the farm in question, which, in the district court, in the particular as to the title, was decided in favor of plaintiff, and in that particular, affirmed in this court. In that suit, in the district court, an allowance was made to the defendant of one thousand seven hundred dollars, for improvements on the farm, and a lien was established therefor on the land. That suit was decided in the district court before the issues were completed in this case; and in a part of the answer, "by way of counter-claim," the facts as to the entry of such decree and allowance are recited, with an averment that "plaintiff refuses to make any conveyance or other arrangements to pay or secure defendant for amounts expended for support of plaintiff and wife, and for their medicine, medical attendance, and money paid to them, or for improvements, repairs, and taxes made and paid on said land;" and judgment is asked for the amount in excess of the amount of the rental value of the land, in case no partnership is found. The partnership mentioned has reference to plaintiff's claim that the farm was to be worked and the proceeds divided. The district court found that there was no partnership, and, on a "general accounting," found that there was due plaintiff, from defendant, five hundred dollars. The plaintiff appealed.—*Modified and affirmed.*

*Milton Remley* and *Wheeler & Moffit* for appellant.

*Wolf & Hanley, R. G. Cousins,* and *S. H. Fairall* for appellee.

GRANGER, J.—It is agreed, in argument, that the court can no more than approximate justice in the case, because of the condition of the record as to evidence on which to base conclusions. Appellant claims that there is neither an issue nor evidence that will sustain a finding that defendant was, when he took the farm, to become the owner of the personal property thereon. It is true that the defendant makes no such claim in his pleadings, and the testimony to that effect is remarkably slight. From the judgment entry it is not easy, if possible, to know what the conclusion was in that respect, The aggregate of defendant's counter-claim is nearly twenty thousand dollars. Plaintiff concedes, in his pleading, that he has not data or information from which to know the amount to which he would be entitled under his claim as to occupancy, and hence he asks an accounting to show. The defendant asks, if the partnership is not found, that his counter-claim be established, and that he have judgment for any excess over the rental value of the farm. The partnership was specially found not to exist. The judgment evidently gives all the property on hand, or its proceeds in the hands of the receiver, to the defendant in the general accounting, and requires him to pay five hundred dollars. In the "decree and order" in this case, after the finding that "no partnership existed between plaintiff and defendant," is the following: "But after considering all the items of charges and claims made by plaintiff in his original petition, and the amendments thereto, and all the defenses and counter-claims made by defendant in his answer and the amendments thereto, the court finds that, on a general accounting of all such matters, there is due from defendant to plaintiff, the sum of five hundred dollars." This indicates that the conclusion

involves all the claims of both parties, and that, with proper credits on all such claims, five hundred dollars are due the plaintiff. If this judgment is in satisfaction of the claim for improvements on the farm, we are able to concur in the result, for it likely approximates, as nearly as can well be, a just result. If it does not include the claim for improvements, we could not concur, for the decree would be clearly unjust. The further judgment entry in this case gives rise to the doubt we have indicated. It is as follows: "And it is, therefore, finally ordered and adjudged and decreed, that the plaintiff have and recover of the defendant the said sum of five hundred dollars; that the injunction in this case be dissolved as to the one thousand seven hundred dollar judgment in favor of defendant against plaintiff, entered at the November term, 1892, of this court, in case No. 7,902; and that said injunction be made perpetual as to the disposition of personal property until this five hundred dollar judgment is satisfied, and, on the payment or satisfaction of the said five hundred dollar judgment in this case, the injunction as to said personal property is to be dissolved, and E. W. Atkins, the receiver, is then to turn over to the defendant all the property in his hands as receiver, and the receivership is then to terminate. It is further ordered and adjudged, that each party pay one-half the costs in this case. Judgment for costs accordingly."

The record leaves us somewhat in doubt as to the effect of this entry as to the injunction, and whether or not it is intended that the one thousand seven hundred dollar allowance in the other suit is to be collected. If so, then that claim has been twice adjudicated, and, with our conclusion in this case, twice allowed. On the other appeal, we reversed the district court on the allowance of the claim for improvements, but only because there was no issue to justify such an

allowance; and, to protect the rights of defendant, the reversal and judgment were without prejudice to the formation of issues in that case and their determination. The order in that case was after the appeal of this case, but before its submission to us, and without our knowledge of it. Because of this situation, unknown to the parties when this case was submitted, we are led to consider some matters not contemplated at the submission, but absolutely essential to a just conclusion, and properly within the record. Our conclusion is that the judgment should be affirmed as to the allowance of the five hundred dollars; and, because of the inference that the judgment below was not intended as a bar to a further recovery for improvements on the farm, it should be modified to that effect. This order is available to the parties in adjusting the other suit as to the same claim. Defendant will pay the costs of this appeal.—MODIFED AND AFFIRMED.

## SUPPLEMENTAL OPINION ON RE-HEARING.

*Appeal from Cedar District Court.*—HON. JAMES D. GIFFIN, Judge.

## THURSDAY, DECEMBER 10, 1896.

THIS is a suit in equity, and it involves mutual claims of the parties, growing out of the use and occupation by the defendant of a farm and certain live stock and farming utensils and grain, which farm and personal property belonged to the plaintiff, and the possession of which was transferred to the defendant. There was a decree and judgment for the plaintiff for five hundred dollars, and he appeals.—*Reversed.*

*Milton Remley* and *Wheeler & Moffitt* for appellant.

*T. B. Hanley* and *S. H. Fairall* for appellee.

ROTHROCK, C. J.—I.   This cause was submitted to this court at a former term, and on the twenty-second day of May, 1895, an opinion was filed in which the decree of the district court was modified and affirmed. Each party filed a petition for re-hearing, and a re-hearing was granted, and the cause has been again examined by the court, in the light of the arguments on re-hearing.  As we have reached a different conclusion from that announced in the former submission, this opinion will be substituted for that heretofore filed.

The defendant is the plaintiff's son.  The family consisted of the plaintiff and his wife and the defendant and one other son, named Joel Walker.  The defendant was the younger son.  The plaintiff settled on the farm, the possession of which is in controversy, in the year 1854.  It consisted of one hundred and sixty acres, and was in full cultivation; and in the fall of the year 1881, the defendant and his wife were living with the father and mother, and all residing in the same dwelling house.  At the time last named, an arrangement was made by which the defendant assumed the management of the farm, and the father and mother and the son and his wife lived on the farm as one family, until 1892, when a separation took place.  As we understand it, there was a disagreement between the parties, and the contention in this case involves the adjustment and settlement of the rights of the parties growing out of the defendant's management of the farm.  The plaintiff claimed in the petition filed in this case, that there was a contract by which the defendant was to carry on the farm, and the proceeds of the farming operations were to be equally divided between the parties; and he claimed that the live stock and probably other personal property on the farm remained his property,

and that defendant should account to him for the value thereof. In short, the claim of the plaintiff was that the farm and personal property at all times belonged to him, and that the son managed the farm for one-half of the proceeds, after taking out the support of the family. The defendant, by his answer, admitted that he took and held possession of the real and personal property. He denied that there was any agreement to manage the farm and divide the proceeds, but claimed that the contract was that he was to have the use of the farm without charge, except that he should keep and furnish a home for plaintiff and his wife, and should keep said place in repair, and pay the taxes thereon, and with the further agreement that plaintiff would secure to the defendant the title to the land, and make him compensation for the improvements he should make thereon. There were other allegations in the pleadings, and the evidence in the case took a very wide range, and the rental value of the farm, the value of the live stock, and the farm machinery and implements, and the value of the grain on hand in 1881, and the value of the boarding and clothing and medicines and medical attention for the father and mother, the improvements put upon the farm by the son, and many other things, were testified to by witnesses. A short time after the commencement of the suit, the district court appointed a receiver, who took possession of the personal property then on the farm, and holds the same or its proceeds, subject to the further orders of the court.

II. Whatever arrangement was made between the parties as to their rights growing out of the son's management of the farm, was purely oral. It was just such conversations and consultations as might be expected to take place between a son and his father, who was somewhat advanced in life, and who desired to be relieved from active business affairs. The older

son, Joel, had gone away from the home, and was taking care of himself. His father had aided him in making a start in life; to what extent does not clearly appear, and that is not material. But it is shown that the plaintiff desired to give the defendant an opportunity, by in some measure putting him on an equality with the other son, so far as providing him an equal opportunity to that of his brother. The district court found that the carrying on of the farm was not a joint or partnership enterprise, and we think that so far as the claim made by the plaintiff, that the net proceeds of the farm were to be equally divided, the finding is correct. But our re-examination of the record leads us to the conclusion that the defendant did not show, by a preponderance of the evidence, that the personal property was a gift to him from his father. It is true, as stated in the former opinion in the case, that under the evidence no exact finding can be made. It is impossible to do so. Both parties make most extravagant claims, and they are, in some sense, supported by the testimony of the parties and their wives, and others. The defendant claims a very large amount for improvements on the farm and other expenditures, such as the boarding of the father and mother, and medical attention, and other things. The testimony as to some of these claims is absolutely unworthy of belief, because it is contrary to the common judgment of mankind. The testimony of some of the witnesses on the other side is somewhat in the same line, but not quite so extravagant. We will not particularize. The whole tenor and scope of the controversy lead us to the conclusion that as near a fair and equitable adjustment as can be made under the evidence is that the defendant should be charged with the fair market value of the personal property which he took possession of when he commenced the management of the farm, and that no deduction should be

made therefrom except for permanent improvements, in the way of buildings. It is claimed in behalf of plaintiff, that the property on the farm in the fall of 1881, when the arrangement commenced, was worth six thousand dollars, or more. We think this is an extravagant claim. In averaging up the evidence, we think it approximates four thousand dollars. From this we deduct eight hundred dollars, for permanent improvements, leaving due to the plaintiff the sum of three thousand two hundred dollars. It appears to us that the defendant ought to be required to account for personal property about equal in value to that received by him in 1881, and that he ought to be allowed for permanent improvements, only. According to the evidence as to the rental value of the farm, he had an opportunity that he ought to have improved. There were no great expenditures. The services of the father and mother, in our opinion, ought to be sufficient compensation for their living; and we think the evidence so shows. The father had conveyed forty acres of land to the defendant before he took charge of the farm of one hundred and sixty acres. The son testified in part as follows: "My father is surety on a note to A. A. Ball & Co. for two thousand five hundred dollars, given in October, 1890, which has not been paid. I am indebted to Ball & Co. on a note for two thousand dollars; and I owe other parties five hundred dollars. I own forty acres, which I value at two thousand dollars; and, besides what I have on the place, I have nothing. The stock and property on the farm is valued at two thousand six hundred and fifty-three dollars." The forty-acre tract referred to by defendant is the land given him by his father.

III. There was another suit between the parties. On the second day of January, 1890, the plaintiff and his wife conveyed the farm to the defendant upon certain conditions. An action was commenced by the

plaintiff to set aside the conveyance, and there was a decree for the plaintiff. An appeal was taken to this court, and the decree was "affirmed." See *Walker v. Walker*, 93 Iowa, 643 (61 N. W. Rep. 930). The district court allowed the defendant one thousand seven hundred dollars, in that case, for improvements placed upon the farm after the conveyance was made to him. It was held by this court in that case that the judgment for improvements was not authorized by the pleadings. But we held that the defendant ought not to be precluded from presenting that claim, and the cause was remanded, with instructions to permit the pleadings "to be amended" in that action, if the parties should be so advised. There was some misapprehenson about that claim for improvements when the former opinion was written in this case, and it is proper to say that we are not advised whether the claim has been adjudicated, and it is not intended by this opinion to determine any question in reference thereto. The controversy in this case has no reference to any improvements made on the land after January, 1890. The decree of the district court will be reversed, and the plaintiff will have judgment for three thousand two hundred dollars and the property and money in the hands of the receiver will be appropriated in payment of the judgment; defendant to pay the costs of this appeal.—REVERSED.