Zeigler v. Vance.

## ZEIGLER v. VANCE.

Where one of the judges of the Supreme Court, is disqualified from taking part in the determination of a cause, from interest, consanguinity, or otherwise, and the decision of the court below stands affirmed, by reason of a division of opinion between the other two judges, the judgment does not differ from that pronounced in any other case, or in those cases in which there is a concurrence of the tribunal in granting or refusing the remedy sought.

Whether the judgment pronounced, shall be the result of concurrence, or nonconcurrence, the sentence which follows is that of the law, and is alike under the control of the court during the term at which it is rendered.

The Supreme Court possesses the power to grant a rehearing in a case, which has been affirmed, in consequence of one of the judges of the court being disqualified from acting, and a division of opinion between the other two judges.

And where in such a case, after a rehearing had been ordered, a motion was made to set aside the order granting a rehearing, on the ground that the court had no authority to set aside the judgment of affirmance, the motion was overruled.

Under the rules of the Supreme Court, on applications for a rehearing, the opposite party has no hearing; and after a rehearing is granted, such party is entitled to a reasonable time in which to prepare for the re-argument, after being notified of the rehearing.

### Appeal from the Muscatine District Court.

THIS cause was heard at the December term, 1855. WOODWARD, J., having been of counsel, took no part in its determination. It was continued under advisement, until the June term, 1856, at which time the judges hearing the same, being divided in opinion, an order was entered affirming the judgment of the District Court, as contemplated by section 1552 of the Code. At the same time, a petition for a rehearing was filed, the consideration of which was continued to the present term, and an order entered during the first week thereof, that the cause be reheard. The defend-

Zeigler v. Vance.

ant now moves for a reconsideration of the order granting the rehearing; that the same be set aside; and that the judgment of affirmance stand as the final adjudication of the cause in this court, for the following reasons:

1. There was no authority in the court, to set aside the judgment which the defendant obtained by operation of law.

2. The affirmance of the judgment was a legal right of the defendant, and the court had no power to interpose to defeat that right.

3. Whenever the state of facts contemplated in sections 1551 and 1552 of the Code, exists in relation to any case, that moment the case is beyond the reach of the court, and it is decided *by the law*, and not *by the court.*

4. The defendant's right, being a legal one, does not depend upon the *opinion* of the court, nor upon the merits of the cause, but upon *the state of the facts.*

5. Such a case is out of the ordinary track; the judgment does not depend upon the concurrence of the court, but upon the non-concurrence. It is *the law* stepping in, to restore order out of confusion.

*J. Scott Richman,* for the motion.

*Whitaker & Grant, contra.*

WRIGHT, C. J.—The determination of this question, involves the construction of section 1552 of the Code, which reads as follows: " Where the court is equally divided in opinion, the cause must stand for a re-argument, unless the the third judge is legally disqualified from serving. In such cases, the judgment of the District Court shall stand affirmed, but the decision is of no further force or authority." This section contemplates: *First.* A state of case, where one of the judges shall be absent, but who is not disqualified from taking part in the determination of the particular cause. In such a case, if a division of opinion occurs, the cause is to stand for re-argument. If, however, as in the case before

us, a division occurs, and such third judge is legally disquali-
fied from serving, from interest, consanguinity, or otherwise,
the judgment appealed from, is to stand affirmed.  And the
argument is, that the judgment in such an event, is not the
result of a concurrence of opinion, but is, that judgment
which follows as a legal and necessary sequence from the
*non-concurrence* of those members of the court who alone
can take part in the decision ; that when such an affirmance
takes place, the cause is beyond the reach of the court; that
the rights of the parties are settled by the *law*, and not by
the *court ;* that on such non-concurrence, the defendant had
a *legal* right to have the judgment of the court below stand;
and that there is no power to afterward; disturb or interfere
with the right so acquired.   Let us ask, what is a judgment ?
We answer, that in the broadest sense, under our law, it is
the final adjudication of a civil action.   Such final adjudica-
tion is not the resolve or decree of the court, but the *sentence
of the law* pronounced. *by the court,* in the action or question
before it.   The judgment is the *act of the law,* delivered by
the court; or, as it is in some instances defined, the remedy
*prescribed by the law,* for the redress of injuries, the suit or ac-
tion being the vehicle or means of administering such reme-
dy.   With this definition in view, we are unable to see in
what the judgment in this case, differs from that pronounced
in any other case, or in those cases in which there is a con-
currence of the tribunal in granting or refusing the remedy
sought.   If this court concludes that the judgment of the
court below should be affirmed, this is but the sentence of
the law, and the affirmance follows.   If the conclusion is, that
the action of the District Court has been erroneous, then the
like sentence reverses the case, and the parties are, so long
as such judgment shall stand, entitled and subject to all the
rights and liabilities resulting from such an order.   In either
event, the *rights* of the parties are settled by the law, the
court having only applied the law to the questions presented.
So, in this case, the law contemplates the same deliberation ;
the same applications of the law ; and if after such delibera-
tion, it is considered—*consideratum est per curiam*—that the

Zeigler v. Vance.

two minds cannot concur, the law says, there shall be an affirmance. But suppose the two minds, upon more mature and further consideration, do concur in the application of the law, why may not the court act upon the question further, and pronounce what, after due deliberation, is believed to be the sentence of the law ? Where there is concurrence in the first instance, the judgment is regarded as settling the rights of the parties. If, however, on application afterwards properly made, it should be considered, that the judgment pronounced was not the legal sentence which ought to follow, the question may be again considered, and the rights of the belligerents be again adjudicated ; and whether the judgment pronounced, shall be the result of concurrence or non-concurrence, the sentence which follows is that of the law, and is alike under the control of the court during the term at which it is rendered. We can see no reason, in practice or theory, why the rights of a party in case of non-concurrence, are or should be more fixed or vested, or less liable to be disturbed or defeated, than when such rights are settled as the result of concurrence. We think the motion should be overruled.

Applications for rehearing are presented under the rules of this court, by the unsuccessful party. The opposite party has, on such applications, no hearing. In this case, the defendant states, that he had no notice of the order granting the rehearing, until yesterday ; and that it will be impossible for him to prepare for argument at this term. We think that under such circumstances, he is entitled to a continuance. After the order affirming the case, he would not be bound to take notice of any subsequent steps taken by his adversary, or any action of the court, until notified thereof, and after such notice, was entitled to a reasonable time to prepare for the re-argument. Cause continued.