## SEALS v. WRIGHT *et al.*

Judgment: IN GARNISHMENT PROCEEDING. Where the garnishee is indebted to the principal debtor on negotiable notes, an order that plaintiff have judgment against the garnishee for the amount of the claim against the principal debtor, provided the garnishee be first fully indemnified as provided by law, or the notes surrendered to him, is not a final judgment, and execution issued thereon will be enjoined on the application of the garnishee.

*Appeal from Appanoose District Court.*

WEDNESDAY, OCTOBER 8.

THE original petition alleges that, in the Wapello circuit court, judgment was rendered against plaintiff, as garnishee, in a suit wherein Lawrence and Chambers were plaintiffs, and A. C. Smith was defendant, and prays that the defendant Wright be restrained from the enforcement of an execution in his hands, issued upon said judgment, and that the other defendants be enjoined from proceeding to enforce said judgment.

Attached to this petition is the record of the judgment in the case of Lawrence & Chambers against A. C. Smith.

Respecting the plaintiff, the garnishee in that suit, the material portion of the record is as follows:

" And the said G. G. Seals having filed his answer in this court, and after said answer the plaintiff moved for a judgment against said garnishee for the full amount of plaintiff's

claim in this case; and the court, after examining said answer of said garnishee, ordered that judgment be entered against him.

It is adjudged by the court that the said plaintiff have judgment for the full amount of judgment and cost in this case, to wit: Four hundred and eighty-two dollars and seventy-seven cents, and costs of suit: provided, that the garnishee be first fully indemnified as by law provided, or the notes surrendered, and provided that no execution issue until said notes are due. To this petition the defendants, Lawrence and Chambers, for answer, amongst other things, allege that at the time they ordered out execution they filed in the office of the clerk of the circuit court of Wapello county an indemnifying bond for the use of plaintiff. Afterward plaintiff filed an amended petition, of which the first and second counts are as follows:

"1. And comes now the plaintiff, and by leave of court files this his amended petition, and shows to the court that no judgment was ever rendered in the circuit court of Wapello county, in the case of Lawrence and Chambers against A. C. Smith and G. G. Seals, as garnishee, as was alleged and supposed in the original petition. In this case plaintiff avers that the docket entry of said circuit court, a copy of which is annexed to the original petition, and marked exhibit A, and for the enforcement of which the execution was issued, which is by this action sought to be enjoined, was only an order for a judgment to be rendered in case plaintiff, then defendant, should be fully indemnified, or the notes surrendered, neither of which was ever done, and no valid judgment was ever rendered in that case. Plaintiff avers that the order of the court then made, and which is relied upon as a judgment, and upon which the execution issued as aforesaid, is not a judgment and was null and void, and cannot be enforced by execution to collect money from the plaintiff.

"2. And plaintiff further shows that the bond of indemnity relied upon by defendants, as the right and authority for the enforcement of the aforesaid order to collect the amount of the debt owing by the said A. C. Smith to defendants, Lawrence and Chambers, from the plaintiff, was not filed till long

after the adjournment of said circuit court, at which said order was made, to wit: On the 27th day of June, 1871, more than a year after making said order."

To this the defendants filed a demurrer, as follows:

" 1. The first count of said amended petition, and the transcript attached to the original petition and referred to in said amended petition, purporting to be a transcript of a judgment rendered against plaintiff by the circuit court of Iowa, in and for Wapello county, show that a valid and binding judgment was rendered by said Wapello circuit court, and the plaintiff cannot controvert the validity of such judgment in this case.

" 2. A failure by the plaintiff in said garnishment proceeding to surrender the note, or to file a bond of indemnity, at the time the judgment was rendered, would not invalidate the judgment, or change it into a mere order for a judgment.

" 3. Defendants demur to the second count of said amended petition for the same reasons."

The court overruled this demurrer; and the defendants electing to stand thereon, and refusing to further plead, found the equities of the cause to be with the plaintiff, and enjoined the defendants as in the petition prayed.

The defendants excepted, and appeal.

*Tannehill & Fee*, and *W. H. C. Jacques* for the appellants.

*Harris & Vermilion* for the appellees.

DAY, J. — In our opinion the court did not err in overruling the demurrer. The order made in the case of *Lawrence & Chambers* vs. *Smith* is not a final determination of the liability of the garnishee.

Under section 3211 of the Revision, the garnishee, being indebted to the principal debtor on a negotiable note, could not be made liable unless the note was delivered, or the garnishee was completely indemnified from all liability thereon, after satisfying the judgment.

This section the court seems to have had in view in making the order in question.

The language employed is not that of a final adjudication. It is not ordered that plaintiffs have judgment unconditionally, but that they shall have judgment provided, or under the condition that something shall first, as a condition precedent to such final judgment, be done. It is adjudged that plaintiffs have judgment for the full amount of the judgment and cost in this case, *  *  *  provided the garnishee be first fully indemnified as by law provided, or the notes surrendered.

Plaintiffs shall have judgment when or after they indemnify the garnishee, or surrender the notes.

Thus considered, the action of the court is in accord with the provisions of section 3211 of the Revision, but, if it is considered as a final adjudication, it is in direct violation of the provisions of that section.                          Affirmed.