## ROGERS v. MORTON.

PRACTICE: REFUSAL TO GRANT JURY TRIAL.

*Appeal from Lee Circuit Court.*

TUESDAY, SEPTEMBER 16.

THE plaintiff brought an action in the District Court against the defendant and E. J. and P. McMahon, claiming to recover one hundred and ten dollars for rent on demised premises. Afterward, the plaintiff brought an action against the defendant before a justice of the peace, in which he claimed to recover twenty-five dollars for rent on the same premises. This action was appealed to the Circuit Court, and, by agreement, the action in the District Court was transferred to the Circuit Court, and the two actions consolidated. There was a trial to the court, judgment against the defendant, and he appeals.

*Sprague & Gibbons,* for appellant.

*Gibson Browne,* for appellee.

SEEVERS, J.—I. It is objected that this court has no jurisdiction of this cause because the amount in controversy, as shown by the pleadings, is less than one hundred dollars, and no certificate, as required by law, has been given by the trial judge.

As we understand, this claim is based on the thought that the appeal was taken only from the action begun before the justice of the peace. But clearly this is unfounded; the judgment appealed from is for one hundred and thirty-five dollars, and, therefore, must have been rendered in the consolidated action in which the amount in controversy, as shown by the pleadings, is one hundred and thirty-five dollars.

II. The issues in the action in the district court were made up in August, 1877. In March, 1878, it was stipulated that the two causes should be consolidated, and tried at the ensuing June Term. From some cause not stated the trial did not then take place.

At the following November Term, as we understand, and on the first day thereof, the defendant demanded a trial by jury, "which was refused, for the reason, under the rule of court, no jury was demanded at the first term after the cause was docketed." The said term continued until December 12th, when the trial took place before the court.

It appears, by an amended abstract, that before the consolidation the judge of the circuit court made an order in his docket as to the cause, pending on appeal, as follows: "By consent of parties this cause is set down for trial by the court at the November Term, 1877." The following is the rule of court:

"The clerk shall keep a trial docket, upon which shall be entered all causes to be tried before a jury, and this docket shall be made up for each

term of court. Causes entered thereon shall stand for trial in the order in which they were commenced, and no cause shall be tried before a jury unless it has been transferred to said docket. Any party may have a cause transferred to said trial docket, after the issues are made up. But if the cause is not upon said docket, at any term, when the same is called for trial, or the court is ready to discharge the jury for the term, a jury trial shall be deemed waived, unless the court shall, for good cause, continue such cause. Continuances may be transferred to the trial docket during vacation and on the first day of any term. The mode of transferring causes shall be by request to the court, or to the clerk in vacation. Criminal causes shall have precedence in the order of trial; next civil causes where a jury is required; and lastly, equitable and other causes tried by the court without a jury."

We understand this rule to provide—*First*, that the clerk shall keep a trial docket in which all causes shall be entered that are to be tried by jury; *second*, such causes shall be tried in the order entered, and no cause shall be tried by jury unless the same has been entered on the trial docket; and, *third*, continued causes may be transferred thereto in vacation or on the first day of any term, on the request of any party.

The court refused a jury because it had not been demanded at the first term after the cause had been docketed. Therefore, a jury must be demanded at the first term or it will be deemed waived.

We do not think such can be the meaning of the rule. If so, why provide for placing on the trial docket continued causes in vacation, or on the first day of the term.

The manifest meaning of the rule is that a jury trial may be demanded and had by any party in a continued cause, if such demand is made on the first day of the term, no matter how many terms may have elapsed since the cause was docketed without such a demand having been made.

The entry on the judge's docket, in relation to the argument to try "by the court," cannot affect the question for determination, because—*First*, it was made before the consolidation; *second*, a jury was not refused for that reason; and, *third*, it is doubtful whether such entry is competent evidence of such fact, because the judge's docket does not constitute a part of the records of the court. Code, §§ 196, 197, 198.

REVERSED.