Towle & Roper v. Leacox.

TOWLE & ROPER V. LEACOX ET AL.

1. **Injunction Bond:** ACTION ON: EVIDENCE. In an action for damages on an injunction bond, it was error to render judgment for plaintiff in the absence of evidence that the injunction suit had been disposed of, and the judge's minutes upon his calendar that the suit had been dismissed are not the proper evidence of that fact. Such minutes do not constitute the judgment of the court.

*Appeal from Fremont Circuit Court.*

THURSDAY, JUNE 15.

THIS is an action to recover damages on an injunction bond. There was a trial to the court without a jury and judgment for the plaintiffs. Defendants appeal.

*W. H. Wilson* and *T. R. Stockton*, for appellants.

*James McCabe*, for appellee.

ROTHROCK, J.—The injunction was granted to stay execution upon a judgment rendered by the Page county Circuit Court, and upon the ground that the judgment had been paid. It is averred in the petition that the injunction was dismissed. It appears that the judgment upon which the execution was issued was rendered in favor of one Haidenburg, and plaintiffs claim that the judgment was assigned in writing to them.

The appellants contend that there was no sufficient evidence introduced on the trial showing the assignment of the judgment, and no evidence that the injunction suit had been disposed of.

The appellees filed an additional abstract denying the correctness of appellants' abstract and averring that there was no valid bill of exceptions. The additional abstract is contradicted by appellants and we have thus been compelled to examine the transcript. It appears that a proper bill of exceptions was signed by the circuit judge on the same day that

the judgment was entered, and an examination of the transcript shows that all the evidence offered as to the dismissal of the injunction suit was an entry on the judge's calendar in these words: "Dismissed as per stipulation." The stipulation is not shown. It seems to us this was necessary and that it should also be shown that the judgment of dismissal was entered of record. The judge's minutes upon his calendar are not the judgment. See *Case v. Plato*, 54 Iowa, 64. It may be that the stipulation was such as to preclude any right of action upon the bond. At least it was for the plaintiffs to show that by the dismissal they had a right of action.

Whether there was sufficient evidence showing that the judgment had been assigned to plaintiffs, we do not determine, for the reason that the transcript is not at all clear on that question.

For the error in rendering judgment without evidence of the dismissal of the injunction suit, the judgment will be

