L. M. AND ELIZABETH WALKER, Appellants, v. PINKNEY L. WALKER.

**Practice:** AFFIRMATIVE RELIEF. A defendant who pleads expenditures simply as a reason why plaintiff should be estopped, is not entitled to judgment for the amount expended, in the absence of a counter-claim or prayer for special or general relief.

**Judgment Defined.** Adjudging a deed to be void and decreeing that plaintiff pay defendant a sum, made a lien, and sale of premises upon default, is a final judgment.

*Appeal from Cedar District Court.*—HON. J. D. GIFFEN, Judge.

WEDNESDAY, JANUARY 30, 1895.

The plaintiffs are husband and wife, and the defendant is their son. On the second day of January, 1890, the plaintiffs executed to the defendant an instrument in writing, conveying to the defendant one hundred and sixty-five acres of land, upon certain conditions therein expressed, as follows:

"The said Pinkney L. Walker shall keep, care for, support, and furnish a good home to the said Lewis M.

Walker and Elizabeth Walker during either of their lives; furnish them, and each of them, proper care and medical attendance in sickness; and give their bodies proper burial after death. The said Pinkney L. Walker shall keep the fences and buildings on said premises in good repair at all times, and shall pay all taxes of every kind now due or to become due thereon, and not to allow any taxes on said premises to become delinquent at any time. It is expressly agreed and stipulated, and made a part of this deed, that said Pinkney L. Walker shall, within five years after the death of the longest liver of said Lewis M. Walker and Elizabeth Walker, pay to Joel M. Walker the sum of one thousand ($1,000) dollars, without interest. And it is expressly stipulated that the claim of Joel M. Walker for the payment to him of said one thousand dollars is, and until paid shall be and remain, a special lien upon and against the aforesaid premises; and this deed, when delivered, shall vest in the second party the title to said premises, subject to the said claim of Joel M. Walker. Upon the failure of the second party to furnish the first parties, or either of them, with a suitable home, or to properly care for and support them, or either of them, or if the second party shall refuse or fail to keep, observe, perform and carry out each and every condition by the terms of this deed required to be kept, observed, performed, or carried out by said second party, then, and in any of such cases, this deed shall be and become void and of no effect. This deed is by the grantors delivered to Wolfe & Hanley, of Tipton, Iowa, in escrow, to be by them or their successors delivered to the said Pinkney L. Walker on the death of the longest liver of the said Lewis M. and Elizabeth Walker, provided that the second party has not, prior to said time, done or neglected to do any act making

this deed void. It is expressly stipulated that the cov-
enants and agreements to keep, support, and furnish a
home for the first parties are personal, and must be
kept and performed only by Pinkney L. Walker, or his
heirs in case of his death prior to the death of the grant-
ors. Signed this second day of January, 1890. Lewis
M. Walker. Elizabeth Walker.

"I hereby approve of the above deed, and consent
to the conditions therein contained and imposed on
me. P. L. Walker.

"Acknowledged before E. W. Aikens, J. P."

On the margin of the instrument is the following:

"By mutual agreement of all parties to this deed,
it is hereby agreed that the words and figures 'one thou-
sand ($1,000) dollars' and '$1,000,' in lines No. 7 and 11
(No. 4 and 7 of this copy) of this page, are this 29th day
of May, 1890, changed to read 'fifteen hundred ($1,500)
dollars,' by this indorsment; and, in consideration of
the said Pinkney L. Walker assuming the payment of
said additional $500.00, the grantors hereby deliver
this deed, and agree that the same may at once be
placed of record.

"Note. This increases the amount to be paid to
Joel after the death of both grantors to $1,500.00."

It is averred in the petition that the indorsement
on the margin of the instrument was placed there
without the agreement or consent of the plaintiffs, and
that it does not correctly state any agreement of the
parties. It is further averred that there is a breach
of the conditions in many particulars, which the peti-
tion summarizes as follows: "Said plaintiffs further
aver that said defendant has not furnished said parties,
or either of them, a good and suitable home, or properly
cared for and supported them, and has neglected to
pay the taxes on said premises, and has allowed them
to become delinquent; and that, if said instrument

were valid, then, because of such breaches and failure to comply with the terms and conditions thereof, the same, under the provisions as above stated, became void and of no effect." It is then averred that the defendant fraudulently procured the delivery of the deed; and there is a prayer that it be adjudged void and of no force or effect, that it be canceled of record, and for general equitable relief. The answer admits the execution of the instrument of conveyance; denies that the indorsement on the margin thereof was not placed there with the consent of the parties; and avers that it was so placed there, and that the instrument was delivered and placed of record in pursuance of the understanding of the parties; denies that there has been a breach of the conditions of the instrument on his part; avers a full compliance therewith, and a readiness to do so in the future. As to the failure to pay the taxes on the land, the answer represents that the failure to pay was by mistake, and, when discovered, the land was promptly redeemed; and that, as to said payment of taxes and the delivery of said instrument from escrow, the plaintiffs, with knowledge of the facts, acquiesced in the situation, and treated the instrument as valid, and waived the objection as to the accidental omission to pay the taxes. It is averred that the defendant, relying on the waiver of the plaintiffs and their recognition of the contract, put his labor on said land, and expended all his means thereon. It is averred that, "by reason of the facts set out in defendant's amended answer, they [plaintiffs] are estopped from denying the validity of the deed," etc.; and the pleading concludes as follows: "Wherefore defendant says there is no equity in plaintiffs' petition, and he asks that the case be dismissed at plaintiffs' costs." The District Court granted the

prayer of plaintiffs' petition by adjudging the convey-
ance void, and quieting the title in the plaintiffs. It
then made the following entry in behalf of the defend-
ant: "It is further ordered, adjudged, and decreed
that the said plaintiffs pay to the said defendant, within
thirty (30) days from the date of this decree, the sum
of seventeen hundred dollars ($1,700.00), which sum
shall be in full payment and satisfaction for any and
all sums which said Pinkney L. Walker has put upon
said premises since January 2, 1890, and in full of all
services from himself and wife rendered to or on behalf
of said plaintiffs since January 2, 1890, the date of said
deed; and that said sum shall bear six per cent. interest
from this date until paid, and shall be a lien upon said
premises above described; and that a special execu-
tion issue in case said sum is not paid, and said prem-
ises except the homestead, or so much thereof as may
be necessary, be sold to satisfy said judgment, together
with costs and accruing costs." From the judgment,
favorable to the defendant, the plaintiffs appealed.—
*Reversed.*

*Milton Remley* and *Wheeler & Moffit* for appel-
lants.

*Wolf & Hunley, R. G. Cousins,* and *S. H. Fairall*
for appellee.

Granger, J.—A somewhat full statement of the
pleadings has been necessary to an understanding of
the question to be considered. Appellants' claim is
that the judgment for one thousand seven hundred dol-
lars, for the defendant, is neither warranted by the
pleadings nor the evidence. The conclusion is one that
cannot, in view of the record, be avoided. It is said
by appellee that the record entry is not a "judgment,"

within the usual meaning of the word. It seems to us that it is a judgment. The record determines that the plaintiffs shall pay the defendant one thousand seven hundred dollars, with interest, and creates a lien on plaintiffs' land to secure its payment. Had defendant asked for judgment, we do not see how the court could have more fully granted the relief prayed. The language of the record is: "It is further ordered, adjudged, and decreed that the said plaintiffs pay to the said defendant    *    *    *    seventeen hundred dollars," making the same a lien, and concluding with the order that "said premises, except the homestead, or so much thereof as may be necessary, be sold to satisfy said judgment, together with costs." The record shows that an amount should be paid to satisfy a judgment. The record is certainly a final adjudication of the rights of the parties, and our law provides that "every final adjudication of the rights of the parties in an action is a judgment." Code, section 2849.

No counterclaim is pleaded, nor is relief of any kind asked. The defendant, after a full statement of the facts by way of relief, asks that plaintiffs' petition be dismissed. He neither asked for special nor general relief. Nothing in the record indicated to plaintiffs that they were called upon to oppose a claim for a money judgment, or the establishment of a lien on their premises. In *Johnson v. Mantz*, 69 Iowa, 710, 27 N. W. Rep. 467, it is said: "Relief cannot be granted by a decree which is not specifically prayed for, or within the contemplation of a general prayer for relief." The judgment in this case is plainly against the rule of that case, and no authority is shown, or attempted to be shown, to sustain the action of the court. It is true that facts are pleaded in the answer,

and there is evidence to establish them, as to improvements made on the premises by the labor and expenditures of the defendant, but they were neither pleaded nor proven with a view to obtain judgment for their value. The defendant pleaded, in avoidance of the claims of plaintiffs, that the instrument of conveyance had not been properly delivered, so as to take effect, and also his failure to pay the taxes as he had agreed; that, after the delivery and payment, the plaintiffs acquiesced therein, and treated the contract as valid, and waived the defects, if any, in the delivery of the deed and the omission to pay the taxes; and that, relying on such waiver, he performed the labor and made the improvements on the land; and he asked, because of these facts, that plaintiffs be "estopped from denying the validity of the deed," etc. It was for this purpose that the facts were pleaded, and no other. This is plainly manifest from the pleadings and the record. Under such issues, the plaintiffs were only called upon to meet the facts pleaded in a way to avoid the claim of estoppel, which would not, or at least might not, require particular proofs as to amounts or values, but only enough to establish equities against the plaintiffs. It is quite clear to us that the judgment is erroneous, and, to the extent that it gives a judgment against the plaintiffs, it must be reversed, with all costs against defendant. We are, however, of the opinion that care should be taken to avoid a bar to the rights of defendant to substantiate his claim in this or another proceeding, and the action on this appeal is without prejudice to such a right; and the cause is remanded, with instructions to permit the pleadings to be so amended in this action, if the parties are so advised, that the rights of defendant under the contract can be protected.—*Reversed.*