S B. KENNEDY, Appellee, v. CITIZENS' NATIONAL BANK OF KNOXVILLE, IOWA, Appellant.

Action for Damages: JUDGMENT: ENTRY OF: APPEAL. An abstract or a memoranda of the amount of a judgment, entered upon the judgment docket, is not proper evidence of, nor does it constitute a judgment from which an appeal will lie.

*Appeal from Marion District Court.*—HON. J. D. GAMBLE, Judge.

FRIDAY, JANUARY 23, 1903.

THE opinion states the case.—*Dismissed.*

*Crozier & McCormack* for appellant.

*Hays & Ames* for appellee.

WEAVER, J.—Plaintiff, a stockholder in defendant bank, alleges that during the years 1894 to 1898 defendant

set apart certain accumulated profits, to be divided among its stockholders in proportion to their several holdings; but before making the dividend wrongfully diminished the sum by paying therefrom the taxes assessed upon a part of the stock, whereby he claims to have sustained damage. The defendant denies the claim, and alleges that the taxes were paid with the agreement and consent of the plaintiff. The district court held the plaintiff entitled to recover.

Upon the record presented we think this court is without jurisdiction to entertain this appeal. The trial court, after hearing the testimony, is shown to have "filed an order" stating in substance that it found the plaintiff entitled to the relief demanded, said order concluding as follows: "Wherefore it is considered, ordered, adjudged, and decreed that the plaintiff have and recover of the defendant the sum of $42.60, with six per cent. interest from the 13th day of March, 1900, together with the costs of this action, taxed at $———, and defendant is directed to pay said amount into the hands of the clerk of this court within sixty days from the filing of this order, and in default of so doing the clerk is directed to enter judgment for same at the expiration of said sixty days, and to issue execution for the same. To all of which defendant excepts, and is given ninety days in which to prepare and file bill of exceptions. Jas. D. Gamble, Judge." At some later date (at the end of the sixty day period mentioned in the order, as we understand it) the clerk entered in the judgment docket (not in the record book) an abstract or memorandum as follows: "S. B. Kennedy vs. Citizen's National Bank. Amt. of judgment, $42.60. Costs, $18.10. Interest, six per cent." This entry constitutes the only attempt by the clerk to enter any judgment pursuant to the order of the court. It has frequently been held that neither the mental conclusion of the judge presiding at a trial, nor the oral announcement of such conclusion, nor

his written memorandum entered in his calendar, nor the abstract entered in the judgment docket constitutes a judgment, and a judgment cannot be said to be entered until it is spread by the clerk upon the record book. *Case v. Plato,* 54 Iowa, 64; *Miller v. Wolf,* 63 Iowa, 237; *Towle v. Leacox,* 59 Iowa, 42; *Rogers v. Morton,* 51 Iowa, 709.

A memorandum of judgment made by the judge is for the information and guidance of the clerk in making the proper entry, but until such entry is made there is nothing from which an appeal will lie. In other words, while in one sense a judgment is "rendered" when it is announced by the judge, yet until that judgment is entered of record there is no competent evidence of such rendition. It cannot exist or be dependent upon the memory of the officers of the court or in memoranda not embraced in the record, which the law provides shall be made. *Balm v. Nunn,* 63 Iowa, 641; *Cadwell v. Dallaghan,* 74 Iowa, 239; *Winter v. Coulthard,* 94 Iowa, 312. In *Callanan v. Votruba,* 104 Iowa, 672, this court had occasion to consider what is meant by the rendition of a judgment as that term is used in our statute. We there said: "If the record is the only proof of a judgment, as has been repeatedly held, then how can a judgment be said to have been rendered before spread on the records, when its very existence prior to that time cannot be established?" In the case then under consideration, as in the one now before us, the trial judge had made a written form of entry or order for judgment, which was signed by him and filed by the clerk, but no judgment entry was made in the record book; and of such a state of the record we announced the opinion that: "If the court has announced judgment, the clerk may complete the record after the term; but until the record is prepared no evidence exists of the rendition of the judgment. These records are under the control of the court, and through them it speaks the final adjudication defined by the statute as a judgment. The Code contains no

provisions relating to judgment forms signed by the judge, and these amounted to no more than directions for judgments. Until recorded, they were not such, but merely evidence that the court had ordered judgments and approved their form." The same case recognizes a distinction between a "decision" and a "judgment." A decision is in some respects like the verdict of a jury,—it affords a proper basis upon which a judgment may be entered, but is not itself a judgment. So, also, an order for judgment made by the court is not a judgment until the proper record entry is made. *Morgan v. Flexner*, 105 Ala. 356 (16 South. Rep. 716); *Dean v. Williams*, 2 Pin. 91; *Massing v. Ames*, 36 Wis. 409; *Lincoln v. Cross*, 11 Wis. 91; *Sedgwick v. Dawkins*, 17 Fla. 811; *Whitaker v. Desfosse* 7 Bosw. 678; *Railroad v. Burkard*, 109 N. Y. 648 (16 N. E. Rep. 550); *Com. v. Mitchell*, 80 Pa. 57; *Brown v. Hathaway*, 10 Minn. 303 (Gil. 238); *Rockwood v. Davenport*, 37 Minn. 533 (35 N. W. Rep. 377, 5 Am. St. Rep. 872); *Anglo-California Bank v. Mahoney Min. Co.*, 5 Sawyer, 255 (Fed. Cas. No. 392); *Mahoney Min. Co. v. Anglo-California Bank*, 104 U. S. 192 (26 L. Ed. 707); *Edwards v. Evans*, 61 Ill. 492; *Dunns v. Batchelor*, 20 N. C. 46; *Bickel v. Buitcher*, 35 Neb. 765 (53 N. W. Rep. 663); *Throp v. Lorenz*, 34 Minn. 350 (25 N. W. Rep. 712); *Hodgins v. Heaney*, 15 Minn. 185 (Gil. 142); *Bartlett v. Reichenecker*, 6 Wash. 168 (32 Pac. Rep. 1062); *Schroder v. Schmidt*, 71 Cal. 399 (12 Pac. Rep. 302); *Railroad Co. v. Martin*, 158 Mass. 313 (33 N. E. Rep. 578).

This discussion does not involve the rights of the parties as they may be affected by a record entry of judgment *nunc pro tunc*. *Doughty v. Meek*, 105 Iowa, 16; *Day v. Goodwin*, 104 Iowa, 374. The paper signed and filed by the trial judge in the present case was very evidently intended to indicate to the parties the conclusions at which he had arrived, but, for the purpose of permitting payment or adjustment of the claim without further litigation

or costs, the entry of judgment in accordance with such conclusions was ordered postponed for sixty days. The memorandum in the judgment docket was not, as we have seen, a judgment, within the meaning of the law. To give this court jurisdiction, the abstract of record must show affirmatively the entry of an appealable judgment. *Shannon v. Scott,* 40 Iowa, 629; *Jones v. Givens,* 77 Iowa, 173.

There is no such showing her., and the appeal must be DISMISSED.