ELLA MILLISACK et al., Appellees, v. NONA HARDEN O'BRIEN, Appellant.

No. 43736.

JUNE 15, 1937.

Gilmore, Moòn & Bannister, for appellant.

Gillies & Schaefer, for appellees.

KINTZINGER, J.—On or about November 26, 1926, Nona Harden O'Brien, appellant herein, obtained a decree of divorce in an action against John Edward O'Brien, in which she obtained custody of three minor children, and an order directing said O'Brien, the defendant, to pay the clerk of the district court of Wapello County the sum of $35 per month for the support of said minor children. The decree of divorce and order for alimony provides more specifically as follows:

"It is * * * ordered, adjudged and decreed that the plaintiff be, and * * * is hereby divorced from the defendant, * * * and * * * is hereby decreed to have the custody * * * of * * * three minor children * * *.

"It is further ordered, adjudged and decreed that the defendant * * * pay * * * the Clerk of the District Court of Wapello County, Iowa, on the 25th day of November, 1926, the sum of Thirty-five ($35.00) Dollars and * * * on the tenth day of each month thereafter the sum of Thirty-five ($35.00) Dollars for the support of said children, * * * said sums so paid shall be turned over by the Clerk * * * to the plaintiff to be expended * * * for such care, maintenance and support, and (judgment is hereby entered) *the Clerk of this Court is authorized and directed to enter judgment* in favor of the plaintiff and against the defendant for said sums so to become due *at any time after the default in payment of same,* and plaintiff shall be entitled to execution on said judgment when any installment or installments shall remain unpaid for a period of ten (10) days after the same shall have become due under the terms of this decree, and said judgment for * * * payments in default is hereby decreed to be a lien upon any interest the defendant may have or obtain in any real estate."

When the decree was originally presented to the court, the

words "judgment is hereby entered", appearing therein were stricken out by the court, and the words in italics were inserted by the court.

The record shows that at the time said decree was entered on November 26, 1926, said John Edward O'Brien was the owner of certain real estate later levied upon· by an execution issued under said decree as hereinafter stated.

The record also shows that the real estate so levied on was foreclosed by Alice O'Brien under two certain mortgages executed to her on January 9, and April 14, 1928, respectively, and that said real estate was sold under said foreclosure proceedings to said Alice O'Brien, who received a sheriff's deed therefor after the period of redemption had expired.

The record further shows that said Alice O'Brien died testate on December 23, 1934, devising said real estate to appellees, who are now the owners thereof.

On October 11, 1935, the clerk of the district court, at the request of appellant, issued an execution under said divorce decree, under which the sheriff levied upon said real estate for the purpose of recovering $3,120.

Thereafter, on October 15, 1935, this action was commenced by appellees against the appellant, Nona Harden O'Brien, for an injunction restraining her from levying upon or selling said real estate, upon the grounds that appellees are the absolute owners thereof, and that said decree is not and never has·been a lien upon said real estate. Appellees, therefore, asked for and obtained a temporary writ of injunction restraining the sale of said real estate.

Appellant, in answer to said petition, alleges that said John Edward O'Brien was, on April 14, 1928, in default in the sum of $42.78 under the decree in the divorce case, and that the amount in default since that time has increased to $3,120, all of which constitutes a lien upon the real estate in question. Appellant also alleges that she was not made a party to the foreclosure proceedings referred to and is not bound thereby.

Appellant, therefore, filed a motion to dissolve the temporary injunction upon the grounds alleged in her answer, alleging that the decree in the divorce action became a vested lien upon the real estate in question.

On November 23, 1935, the motion to dissolve the temporary injunction was overruled by the court, and appellant appeals.

The question presented is whether or not the provisions of the divorce decree in relation to payments for support of the children constitute a judgment in such a sense that execution could be issued upon it before a judgment as authorized by the court was entered by the clerk after said installments became delinquent, and whether said decree became a lien upon the property owned by the defendant, John Edward O'Brien, at the time the decree in the divorce action was entered. Appellant contends that such decree constitutes a final adjudication of the rights between the parties, and as such is a judgment which became a lien upon any property owned by the defendant when entered.

In support of this contention, appellant relies upon Taylor v. Runyon, 3 Iowa 474; Zeigler v. Vance, 3 Iowa 528; Walker v. Walker, 93 Iowa 643, 61 N. W. 930.

A careful examination of these cases, however, will disclose that the judgments entered therein were in fact final adjudications of the questions in litigation, because the exact amounts of the judgments therein rendered were set out and were specifically made a lien upon the defendant's real estate by the decree.

In Walker v. Walker, 93 Iowa 643, loc. cit. 647, 61 N. W. 930, 932, strongly relied upon by appellant, this court said:

"It is said by appellee that the record entry is not a 'judgment,' within the usual meaning of the word. * * * The record determines that the plaintiffs shall pay the defendant one thousand seven hundred dollars, with interest, *and creates a lien on plaintiffs' land to secure its payment.* * * * we do not see how the court could have more fully granted the relief prayed. The language of the record is: 'It is further ordered, adjudged, and decreed that the said plaintiffs pay to the said defendant * * * seventeen hundred dollars,' making the same a lien, and concluding with the order that 'said premises, * * *, be sold to satisfy said judgment, together with costs.' The record shows that an amount should be paid to satisfy a judgment. The record is certainly a final adjudication of the rights of the parties, and our law provides that 'every final adjudication of the rights of the parties in an action is a judgment.'"

It is obvious that the language of the decree in that case specifically provides that the defendant shall pay an amount certain, which was specifically decreed to be a lien on defendant's

land, and, therefore, clearly constitutes a final adjudication, and judgment.

Appellees contend, however, that in the present case, the court in the divorce decree simply ordered payment of monthly amounts to the clerk for the support of plaintiff's children, and ordered and authorized a judgment to be entered by the clerk *after a default in such payments* by defendant; they also contend that such order does not constitute a final judgment until a computation of the payments in default has been made by the clerk and judgment entered by him thereafter, as ordered and directed by the court. The decree itself does not enter judgment, but specifically provides that the defendant pay certain monthly amounts to the clerk of the district court, and that "said sums so paid shall be turned over by the Clerk * * * to the plaintiff to be expended by her for such care, maintenance and support, and (~~judgment is hereby entered~~) *the Clerk of this Court is authorized and directed to enter judgment* in favor of the plaintiff and against the defendant for said sums so to become due *at any time after the default in payment of same,* and plaintiff shall be entitled to execution on said judgment when any installment or installments shall remain unpaid for a period of ten (10) days after the same shall have become due * * *, and said judgment for said * * * *payments in default* is hereby decreed to be a lien upon any interest the defendant may have or obtain in any real estate."

The judgment referred to in this action as being a lien is the judgment ordered to be entered by the clerk for *payments in default.* Appellees contend that no judgment for any payments in default was ever entered by the clerk on the records of the court, and, therefore, does not constitute a lien upon defendant's land.

When the decree was originally presented to the court, it contained the words "judgment is hereby entered". These words, however, were stricken out by the court, and the following words by interlineation were inserted in lieu thereof by the court, viz: "the Clerk of this Court is authorized and directed to enter judgment * * * at any time *after the default in payment* of same," so that when the decree was finally signed as changed by the court, it contained the language hereinabove set out.

The fact that the court struck out the words that "judgment is hereby entered", contained in the decree as originally

submitted, and inserted in lieu thereof the words that "the Clerk of this Court is authorized and directed to enter judgment * * * at any time after the default in payment" occurs, makes it definitely certain that the court did not enter judgment or intend to enter judgment for the monthly payments before they became due. This change conclusively shows that the court did not contemplate that a judgment be entered against the defendant until after default in the monthly payments occurred.

The record also shows that the clerk in that action never did enter judgment for any payments in default, before the execution was issued. As he never computed the amount of the defaulted payments or entered them upon the court records, there was no judgment in existence upon which an execution could issue.

The lower court, in overruling the motion to dissolve the injunction, said:

"From the pleadings and said decree, the court finds that decree relied upon by the defendant is not a judgment upon which an execution can be issued for the sale of any real estate owned by said John Edward O'Brien, at the date thereof, and that it is apparent from the form of the decree that the trial court intended and ordered that judgment should be entered against said John Edward O'Brien, upon his defaulting in the payments of alimony, and, *as no judgment has been so entered*, an execution should not have been issued. The Motion to dissolve said temporary injunction is therefore overruled."

Although the question involved is apparently not without difficulty, we believe it has been determined by this court in the case of Kennedy v. Bank, 119 Iowa 123, 93 N. W. 71, wherein an identical decree was held by this court not to be a final judgment. The court, in rendering the opinion in that case, speaking through Justice Weaver, said, 119 Iowa 123, loc. cit. 124, 93 N. W. 71:

"The trial court, after hearing the testimony, is shown to have 'filed an order' stating in substance that it found the plaintiff entitled to the relief demanded * * *: 'Wherefore it is considered, ordered, adjudged, and decreed that the plaintiff have and recover of the defendant the sum of $42.60, with * * * interest * * *, and defendant is directed to pay said amount into

the hands of the Clerk of this court within sixty days * * * *and in default of so doing the clerk is directed to enter judgment for same at the expiration of said sixty days, and to issue execution for the same.' '' (Italics ours.)*

In that case it appeared that ''at some later date * * * the clerk entered in the judgment docket * * * an abstract or memorandum as follows: 'S. B. Kennedy vs. Citizen's National Bank. Amt. of judgment, $42.60. Costs, $18.10. Interest, six per cent.' ''

This court in that case further said:

''This entry constitutes the only attempt by the clerk to enter any judgment pursuant to the order of the court. It has frequently been held that neither the mental conclusion of the judge presiding at a trial, nor the oral announcement of such conclusion, nor his written memorandum entered in his calendar, nor the abstract entered in the judgment docket constitutes a judgment, and a judgment cannot be said to be entered until it is spread by the clerk upon the record book. Case v. Plato, 54 Iowa 64, 6 N. W. 128; Miller v. Wolf, 63 Iowa [233] 237, 18 N. W. 889; Towle v. Leacox, 59 Iowa 42, 12 N. W. 764; Rogers v. Morton, 51 Iowa 709, 2 N. W. 262.

''A memorandum of judgment made by the judge is for the information and guidance of the clerk in making the proper entry, but until such entry is made there is nothing from which an appeal will lie. In other words, while in one sense a judgment is 'rendered' when it is announced by the judge, yet until that judgment is entered of record there is no competent evidence of such rendition.''

The record in this case shows without dispute that the clerk made no computations whatever of the unpaid installments, *and entered no judgment for any amounts found delinquent as directed by the court.*

It is our conclusion from the wording of the decree entered, that the court specifically provided that no judgment should be entered for the payments ordered, until after a default in making such payments occurred. This is shown by the language of the decree authorizing ''the Clerk * * * to enter judgment * * * *at any time after the default in payment of same,''* and that ''plaintiff shall be entitled to execution on said judgment *when*

*any installment* * * * *shall remain unpaid for a period of ten (10) days after the same shall have become due."*

Where no judgment for payments in default is ever entered on the records of the court by the clerk, there is no authority to issue an execution. Kennedy v. Bank, 119 Iowa 123, 93 N. W. 71; Seals v. Wright, 37 Iowa 171; Campbell v. Williams, 39 Iowa 646; Case v. Plato, 54 Iowa 64, 6 N. W. 128; Balm v. Nunn, 63 Iowa 641, 19 N. W. 810; State v. Wieland, 217 Iowa 887, 251 N. W. 757.

From the decree entered, it is obvious that the court took express pains to provide that no judgment be entered against the defendant until after default in payments occurred.

It is our conclusion that this case is controlled by the ruling in Kennedy v. Bank, 119 Iowa 123, 93 N. W. 71, and under it we are impelled to hold that no final judgment was entered upon which an execution could issue.

For the reasons hereinabove expressed, we are constrained to hold that the decree of the lower court was right, and the same is, therefore, hereby affirmed.—Affirmed.

RICHARDS, C. J., and all Justices concur.