DAISY GRAY (now DAISY LURAINE), Appellee, v. MERWYN GRAY, Appellant.

No. 47030.

JULY 29, 1947.

Alfred M. Pabst, of Albia, for appellant.

H. H. Sawyer and T. L. Winslow, both of Des Moines, for appellee.

HAYS, J.—On June 21, 1928, plaintiff filed petition for divorce, in the district court of Polk County, Iowa, from defendant Merwyn Gray. On July 3, 1928, defendant filed a motion for more specific statement. No ruling thereon or further

pleading by defendant appears in the record. On August 22, 1928, a default decree was entered in said cause. This decree was thereafter recorded in Divorce Journal No. 4, page 439, office of clerk of the district court of Polk County, Iowa.

The decree gave plaintiff custody of the seven-year-old minor son and by paragraph 3, thereof, provided:

"That the defendant pay to the plaintiff as a suitable allowance for the support, maintenance and education of said child, the sum of Twenty ($20) Dollars per month except such time during each year as said child is in the care and custody of the defendant."

Paragraph 2 of the decree allowed defendant the custody of the child six weeks in each year.

The record then sets forth at considerable length the history of various actions, based upon this original case, in both Monroe county, the residence of the defendant, and Polk county. With the possible exception of the criminal proceedings for desertion, filed in Polk county, the said proceedings are immaterial to any issue involved in this appeal.

On February 26, 1946, at request of plaintiff, there was issued from the office of the clerk of the district court of Polk County, Iowa, a general execution, entitled:

"In the District Court of Iowa in and for Polk County. Daisy Gray, Plaintiff, vs. Merwyn Gray, Defendant. 6165. Divorce Docket 11."

This execution was directed to the sheriff of Monroe county, and provided in part:

"Whereas, on the 22nd day of August, A.D. 1928, by the judgment of the District Court * * * Polk County * * * in a cause * * * wherein Daisy Gray was Plaintiff and Merwyn Gray Defendant, the said Daisy Gray, recovered against the said Merwyn Gray as principal * * * the sum of $3,500 acct. debt and damages * * * which said sums of money are still due and unpaid."

Then follows the usual direction of an execution, returnable to Polk county.

This execution was received by the proper officer. On March 5, 1946, he levied upon certain real estate in Monroe county and garnished Peoples National Bank of Albia, Iowa. Notice of garnishment was served upon the defendant, Merwyn Gray, on the same date.

On March 20, 1946, defendant filed in Polk county a "Motion of Defendant to Recall Execution, to Release Levy and Discharge Garnishee and Garnishment Proceedings." This motion sets forth the facts of the decree in 1928, the issuance of the execution, the levy and garnishment. It then states that decree is not a final judgment under which an execution can issue; that the child, Vincent Gray, is now twenty-five years of age; that the plaintiff has remarried and is no longer Daisy Gray and the execution, entitled Daisy Gray, is improper and renders the same void; that any debt owed under said decree is barred by the statute of limitations. So far as the record shows, no other pleadings were filed. Trial was had, presumably upon the issues raised by this motion, on April 18, 1946.

By stipulation it is agreed that the original decree bears date August 22, 1928, and is shown in Divorce Journal 4, page 439; that there was no modification of the decree, except as defendant claims the entry in the desertion case (criminal) above mentioned constitutes a modification. No payments were made by defendant in 1928 or 1929; eleven $20 payments were made in 1930; eleven or twelve payments made in 1931; all payments made in 1932; one payment in 1933. Beginning in March 1934, and continuing until March 1937, monthly payments of $14 were paid and it was agreed that the minor child became sixteen years of age in March 1937. No payments have since been made.

Upon the hearing objection was made to the execution, when offered in evidence, in that it failed to comply with sections 11648, 11654, and 11659, Code, 1939 (sections 626.1, 626.7, and 626.12, Code, 1946). Testimony of various witnesses was offered relative to alleged payments by defendant; as to when the child became self-supporting; as to property division prior

to the decree in 1928 and the rights of the defendant to the six-weeks' custody of the child, each year, under the decree.

On July 12, 1946, there was entered in said cause an order of the Polk county district court overruling the motion to recall the execution, etc. It held the decree constituted a judgment so that execution might issue; that the statute of limitations does not apply; that the criminal action did not constitute a modification of the decree; and provided that, since the original decree did not provide terminal facilities for support payment they should be held to terminate as of November 1, 1941; that defendant was not entitled to credit of six weeks each year, when he could have had the custody of the child, since he did not request such custody, and that the money in hands of garnishee be condemned. A formal decree was entered in accordance therewith allowing plaintiff judgment for $3,135.60, with interest from date of decree. From this decree, the defendant appeals.

Appellant urges six propositions as a basis for reversal: (1) The decree of 1928 is not a judgment upon which execution may issue. (2) The issuance of the decree was invalid and was erroneously received in evidence. (3) The statute of limitations applies. (4) The criminal proceedings constituted a modification of the decree. (5) The child became self-supporting prior to November 1941. (6) Appellant was entitled to credit on payments of a six-weeks' period each year.

The only issues before the trial court were those raised by the motion. The only questions raised therein are: (1) The decree is not a judgment upon which execution could issue. (2) The child is now twenty-five years old. (3) The execution being in the name of Daisy Gray, and she having since married without a change of ownership being shown, the execution is void. (4) The debt is barred by the statute of limitations.

Appellant concedes that if the decree, signed in 1928, was actually a judgment the statutes of limitation do not apply. Upon the question of the age of the child, it is very doubtful if this question was before the trial court so as to authorize a modification of the original decree. However, such was done and appellant's only objection thereto is that it should have

been as of an earlier date than November 1, 1941. We are not disposed to change this part of the court's order or decree.

█ While the question of a modification of the decree by the criminal action is not an issue under the motion, both parties and the trial court appear to have accepted it as such. The record shows appellant, in 1934, was indicted in Polk county for child desertion. He was found guilty and ordered to pay $14 per month until the child reached the age of sixteen years (March 1937). That an order to pay, on a conviction of child desertion, does not constitute a modification of a divorce decree under the provisions of section 10481, Code, 1939 (section 598.14, Code, 1946), is too apparent to call for discussion.

█ In the motion the only objection urged to the execution is that since Daisy Gray, named as owner thereof, is not now Daisy Gray but is Daisy Gray Luraine, the execution is void. This objection also is without merit and warrants no discussion.

█ The only other question involved, and in fact the only real question raised by the motion, is whether the decree of 1928 constituted a judgment upon which execution might issue. Appellant relies upon Kennedy v. Citizens' Nat. Bk., 119 Iowa 123, 93 N. W. 71, and Millisack v. O'Brien, 223 Iowa 752, 273 N. W. 875. They recognize our holdings in Walters v. Walters, 231 Iowa 1267, 3 N. W. 2d 595, and Whittier v. Whittier, 237 Iowa 655, 23 N. W. 2d 435, but attempt to distinguish them.

All the Kennedy case holds is that until the order of court is entered on the court record there is no judgment. Parties admit the order was properly entered in the instant case. The question in the Millisack case was (see 223 Iowa 752, 755, 273 N. W. 875, 876) : "* * * whether or not the provisions of the divorce decree in relation to payments for support of the children constitute a judgment in such a sense that execution could be issued upon it before a judgment as authorized by the court was entered by the clerk after said installments became delinquent, and whether said decree became a lien * * * at the time the decree * * * was entered." The question there is not whether the decree constituted a judgment but as to when it

became effective as a judgment. The claim here is that the decree is not a judgment. The Millisack case is not in point.

In Walters v. Walters and Whittier v. Whittier, both supra, this court had before it questions almost identical to one in this case. We held in the Whittier case, at page 656 of 237 Iowa, page 437 of 23 N. W. 2d, that a provision in a divorce decree that " 'Defendant is to pay as permanent alimony for the plaintiff herein the sum of $30 per month, payable in advance commencing on the 1st day of December, 1939, and payable at the office of the Clerk of the District Court of Linn County, Iowa,' " constituted a judgment upon which execution might issue for delinquent installments. See cited case and authorities set forth therein.

Appellant seeks to distinguish these cases from the instant one due to the existence of a stipulation as to payments in those cases and no stipulation here. There is that difference between the cases. However, in the recent case of Bamesberger v. Bamesberger, 238 Iowa 492, 28 N. W. 2d 28, we held that a stipulation is not binding upon the trial court; that it was the order of the court or decree only that was effective. The distinction is without merit, and the rule in the Whittier case must govern here.

Finding no error in the decree in question, the same is —Affirmed.

OLIVER, C. J., and HALE, GARFIELD, BLISS, SMITH, MANTZ, and MULRONEY, JJ., concur.