Marjorie CULLINAN, Appellee,

v.

John CULLINAN, Appellant.

No. 2–56590.

Supreme Court of Iowa.

Feb. 19, 1975.

Alanson K. Elgar, Mt. Pleasant, for appellant.

Donald E. Gartin, Mt. Pleasant, for appellee.

Heard before MOORE, C. J., and RAWLINGS, LeGRAND, HARRIS and McCORMICK, JJ.

HARRIS, Justice.

The question is whether the trial court properly entered judgment for accrued and unpaid child support. Defendant-father appeals, claiming acquiescence and laches during the 17 years payments were not made. Defendant also argues the judgment could not be entered after majority of the children for whom payments were ordered. We affirm the trial court.

Marjorie Cullinan (plaintiff) was divorced from John Cullinan (defendant) in 1948. Plaintiff was granted custody of the parties' three children and defendant was ordered to pay child support of about $100 per month. The decree expressly retained jurisdiction over the parties for any further orders or decrees with regard to custody or support. The decree also provided in part:

"It is further ordered, adjudged and decreed that in the event payments as above specified and provided for on behalf of said children are not paid when due, then plaintiff on application to this Court shall be entitled to judgment for the payment or payments in default."

On June 7, 1972 plaintiff applied for judgment for accrued and unpaid child support. Judgment was entered June 14, 1972 in the amount of $12,466.00. On December 26, 1972 defendant moved to set aside the order. The court thereafter entered a ruling modifying its judgment by reducing it to $11,643.37 but otherwise overruled defendant's motion.

At the time of the original decree defendant was a resident of Iowa and was represented by counsel. He lived in Iowa until

1954 when he moved to California. The decree was never modified even though defendant paid his last support payment December 3, 1953.

Prior to defendant's removal to California plaintiff attempted, with scant success, to compel defendant's compliance with the support requirements of the decree. Defendant was cited for and found to be in contempt for nonpayment. After defendant's removal to California plaintiff sought counsel and further attempted to force compliance. She was dissuaded on the advice it was not feasible to proceed against a nonresident. Ultimately plaintiff lost track of defendant's whereabouts.

The judgment was entered after the children affected by the decree had reached majority. Of course the delinquent payments had accrued during periods covered by the decree, when the children had been dependent minors.

Defendant cites various authorities including Anthony v. Anthony, 204 N.W.2d 829 (Iowa 1973) to support his claim the trial court lacked jurisdiction to enter the judgment. Defendant seeks to reinforce his claim by arguing plaintiff was guilty of laches and should be estopped by acquiescence because of her failure to act until after the children reached majority. We find these arguments to be without merit.

I. A jurisdictional question was avoided by defendant's general appearance but should be explained. The states are in conflict on the question of whether arrearage in child support payments, previously decreed, must be reduced to judgment before execution can issue. The question generally turns on local statute. See Annot., 168 A.L.R. 232, 24 Am.Jur.2d, Divorce and Separation, § 863, page 982; 27B C.J.S. Divorce § 321(5)(c), pages 653–654. Our own cases hold a further entry of judgment is, with an exception to be noted, unnecessary. Whittier v. Whittier, 237 Iowa 655, 23 N.W.2d 435; Gray v. Gray, 238 Iowa 723, 27 N.W.2d 123, and citations. Each installment is in itself a judgment as it becomes due. The principle is now codified in § 598.22, The Code.

■ The exception to the rule was noted in Millisack v. O'Brien, 223 Iowa 752, 273 N.W. 875. *Millisack* holds the rule is rendered inoperative when the trial court so indicates in the decree which fixes the periodic support payments. If the decree is silent as to finality of the periodic support payments they are final and no further judgment is required for execution. But where the language of the decree contemplates steps to be taken for entry of judgment no execution can issue until such judgment is entered upon the taking of such steps. See Gray v. Gray, supra. Somewhat ironically it detracts from finality of an award to recite judgment can be taken thereon.

■ Where further judgment must be taken due process requires notice to the judgment debtor. Griffin v. Griffin, 327 U.S. 220, 66 S.Ct. 556, 90 L.Ed. 635.

■ In the instant case the original decree did contain provisions similar to that in Millisack v. O'Brien, supra. Hence notice was necessary for entry of the judgment on the accumulated arrearage. Although notice was not given, defendant cured the omission by his general appearance. A general appearance waives notice and consents to jurisdiction. Lonning v. Lonning, 199 N.W.2d 60 (Iowa 1972). After judgment was entered ex parte defendant appeared and attacked the judgment on grounds hereafter discussed. Defendant's appeal is from the trial court's ruling on his own application.

■■ Defendant's assertion as to jurisdiction is not based on absence of notice. He believes jurisdiction concerning the support payments was somehow lost when the children reached their majority. This assertion is contrary to our holdings and the authorities generally. In Wren v. Wren, 256 Iowa 484, 127 N.W.2d 643 we rejected the suggestion a right to collect past payments terminated with emancipation of a

child for whom payments had been ordered. Similarly emancipation of the children in the instant case did not relieve defendant of his adjudicated obligation.

We reject defendant's challenge to the trial court's jurisdiction.

II. In his reply brief defendant asserts plaintiff was guilty of laches and estoppel by acquiescence which should bar her right to entry of judgment. We can pass our serious reservations as to whether this claim was properly assigned and preserved as a proposition relied upon for reversal. Any such claim is wholly without factual basis on this record.

■ Laches or estoppel by acquiescence may be interposed in a proper case in defense of proceedings to collect unpaid support payments. Anthony v. Anthony, supra; 24 Am.Jur.2d, Divorce and Separation, § 874, pages 994–995; 27B C.J.S. Divorce § 321(5)b, pages 650–653.

■ While recognizing such a possible defense these authorities make it clear the father must show he has been materially · prejudiced by the mother's delay in asserting her rights. Prejudice cannot be inferred merely from the passage of time. Defendant showed no prejudice in this case. Certainly it does not amount to prejudice that he may have grown in the belief he had escaped his obligations because plaintiff had wearied of her collection attempts.

■ Moreover there is no serious indication plaintiff should or could have done more to compel payment. We in no way subscribe to defendant's argument plaintiff should have traced defendant's whereabouts through his social security number.

■ III. Rule 229, Rules of Civil Procedure, provides:

"The clerk shall not enter a personal judgment until the creditor, his agent or attorney, files an affidavit stating the full name, occupation and residence of the judgment debtor, to affiant's information and belief. If such residence is in an incorpo-

rated place of more than five thousand population, the affidavit shall include the street number of debtor's residence and business address, if any. But a judgment entered or recorded without such affidavit shall not be invalid."

There was no compliance with this rule at the time of entry of the judgment appealed from. In a separate assignment defendant cites this failure as a proposition relied upon for reversal.

The failure is not grounds for reversal. The last sentence of the rule expressly belies any such claim.

We hold the duties imposed by rule 229 are not jurisdictional.

Affirmed.